[No. 15051. Department Two. — December 1, 1892.]

## In the Matter of the Last Will of BRIDGET GUILFOYLE, Deceased.

Will — Execution — Signature by Mark — Name of Testatrix in Body of Will. — Where the whole body of a will, including the name of the testatrix, is written by one who is a subscribing witness to the will, and the will is signed by a mark made by the testatrix, without repeating the name in immediate connection with the mark, the mark is a sufficient signature, under the terms of section 14 of the Civil Code.

Id. — Nearness of Name to Mark — Construction of Code. — The only object of the requirement of section 14 of the Civil Code, that when a person who cannot write signs an instrument by his mark, his name must be written near the mark, is to show what name the mark is intended to represent; and if it clearly appears from the instrument what name the mark was intended to represent, it must be held to be sufficiently near the name.

Id. — Inability to Write. — The language of section 14 of the Civil Code, "when the person cannot write," fairly includes all persons who are unable to write from any cause, even though they know how to write; and the making of a mark by a testatrix at the end of her will is a sufficient signing of the will, where, although knowing how to write, she is physically unable to do so.

Appeal from an order of the Superior Court of the city and county of San Francisco revoking the probate of a will and the appointment of an administratrix.

The facts are stated in the opinion.

*F. J. Castelhun*, for Appellants.

*Horace G. Platt*, and *Oscar T. Shuck*, for Respondents.

Vanclief, C. — Proceeding to revoke the probate of the will of the deceased.

The bill of exceptions shows that the matter was submitted to the court on the following stipulation as to the facts:—

"It is hereby stipulated and agreed that the application to revoke the will of the above-named deceased be, and the same is, hereby submitted upon the following statement of facts, to wit: —

"Said will is in pencil, and barely covers a single

page of small note-paper.    It is in the words and figures following, to wit:—

"'August 29, 1891.

"'I, Bridget Guilfoyle, leave $500 (five hundred dollars) for masses at St. Patrick; also want a nice funeral and all other expenses to be paid from what I leave, and the rest to my two nieces, Maria and Aggie Johnson, equally. .                                          ×

"'Witnesses:—                    ELLEN O'CONNOR.
    "'EMMA ENDRES.
    "'MARY DALY.'

"The will was written by the witness 'Emma Endres.' at the request of the deceased.    After it was written, the witness 'Emma Endres' read the will to the deceased, in the presence of the other subscribing witness.    The deceased was then asked whether that was her will; the deceased answered that it was.    She was then given a pen by the witness Emma Endres; the deceased knew how to write her name, but was physically too weak to do so; she made a cross at the end of the paper, and declared that such paper was her last will, and requested the said Emma Endres, Mary Daly, and Ellen O'Connor to sign the same as witnesses thereto.

"OSCAR T. SHUCK and H. C. PLATT,
    "Attorneys for the Contestants.
"F. J. CASTLEHUN,
    "Attorney for the Proponents."

From these facts the court concluded "that said document is not subscribed at the end thereof by the testatrix herself, nor did any one, in the presence of the testatrix, and by her direction, subscribe the name of the testatrix thereto," and accordingly revoked its former orders admitting the document to probate and appointing an administratrix.

From these orders revoking the probate and the appointment of an administratrix, the proponents and administratrix bring this appeal.

As to what amounts to a "signing" by a testator un-

der the statute of 29 Carolus II., it is said, in Jarman on Wills (p. 201): "It has been decided that a mark is sufficient, and that notwithstanding the testator is able to write, and though his name does not appear on the face of the will." To the same effect is section 303 of Schouler on Wills, citing American cases.

Section 14 of the Civil Code provides that "'signature' or 'subscription' includes mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness."

In this case the whole body of the will, including the name of the testatrix, was written by Emma Endres, who signed as a witness. If the mark can be regarded as subscription by the testatrix, the execution of the will was in perfect accordance with section 1276 of the Civil Code.

It is contended, however, by counsel for respondents, that the name of the testatrix, which appears in the body of the will, is not "near" the mark, and therefore that the use of the mark to represent her name was not authorized.

The only conceivable object of requiring the name to be written "near" the mark is to show what name the mark is intended to represent. In this case, it clearly appears that the mark was intended to represent the name of the testatrix. It is therefore near enough to her name, as written in the body of the will, to satisfy the requirement of section 14 of the Civil Code.

It is further contended that the mark was unauthorized, because the testatrix knew how to write, though she was physically unable to do so; and from an extract from the opinion of the learned judge who decided the case, copied into respondents' brief, it would appear that the decision rested upon this ground. The extract is as follows: "In the case at bar, it is especially proper to enforce the strict letter of the law, as it appears that the proposed paper was written, and witnessed, and marked as and for the act of a woman *who could write*, but who was too ill to even write her name. Wills executed

under such conditions are presumably the wills of persons other than the one then actually dying."

If the presumption mentioned should be indulged in any case, it surely cannot apply to this case, since there is no allegation of fraud, and no question that the testatrix was of sound and disposing mind at the time she made her mark and declared the instrument to be her will.

Persons who know how to write may become physically incapable of writing their names by reason of rheumatism or paralysis of the hands, and other causes, besides general physical debility, though of sound mind; and it seems unreasonable that the legislature intended to exclude all such persons from the privilege of subscribing a will or other instrument by a mark. The language of the code is, " when the person cannot write." This fairly includes all persons who are unable to write from any cause, even though they know how to write.

I think the orders appealed from should be reversed.

BELCHER, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the orders appealed from are reversed.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.

Hearing in Bank denied.