[Crim. No. 994.   Department Two.—November 28, 1903.]

## THE PEOPLE, Respondent, v. SAMUEL McDANIELS, Appellant.

CRIMINAL LAW—MOTION TO SET ASIDE INFORMATION—SIGNATURE TO COMPLAINT—MARK—ATTESTATION—JURAT OF JUSTICE.—Upon a motion to set aside an information for insufficiency of the signature to the complaint for arrest of the defendant, a signature by the mark of the complainant, made after his initials and before his surname, accompanied by the jurat of the justice of the peace that the complaint was subscribed and sworn to before him, will be deemed sufficient. It will be presumed that the name of the complainant, written near the mark, was written by the justice; and his signature to the jurat was a sufficient attestation of the mark.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. George E. Church, Judge.

CXLI. Cal.—8

The facts are stated in the opinion.

S. J. Hinds, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

GRAY, C.—Defendant appeals from a judgment convicting him of burglary in the second degree, and from an order denying him a new trial.

In the court below the appellant moved to set aside the information on the ground that he had not been legally committed by a magistrate. The point made upon this motion was, that the original complaint filed in the justice's court as a foundation for a warrant of arrest and a preliminary examination before the magistrate was not subscribed in proper form by the complaining witness. In support of the motion nothing seems to have been introduced in evidence except the original complaint, a copy of which is brought to this court in a bill of exceptions. The complaint, as appears from this copy, is in the form of an affidavit, and begins with "Personally appeared before me this ninth day of November, 1902, B. H. Brown, of Squaw Valley, in the county of Fresno, who, first being duly sworn, complains and accuses Samuel McDaniels of the crime of burglary, committed as follows:" and then follows a sufficient charge of burglary against the defendant, and a prayer for a warrant for the arrest of Mc-Daniels, "and that he may be dealt with according to law." The complaint is signed immediately following this prayer as follows: "B. H.  x  Brown," and immediately following

his

mark,

this is the usual jurat, "Subscribed and sworn to before me this 9th day of November, A. D. 1902.

"C. P. WALTON,

"Justice of the Peace Seventh Township, County of Fresno."

It is urged that this was not a signing of the complaint by the complaining witness within the meaning of section 7 of the Penal Code. Waiving the question as to whether or not it is proper on this appeal to consider the question of the sufficiency of the original complaint, we are of opinion that the

objection made to it is not well taken. Whether the justice of the peace who signed the jurat to the affidavit also wrote the name of the complainant near his mark could have been and was no doubt ascertained by the trial court on an inspection of the original affidavit and a comparison of the handwriting in the two names. From the fact that the justice certifies that the affidavit was subscribed before him, we will presume that the statute was complied with, and that the justice wrote the name of the complainant where it appears at the end of the complaint. Error must be made to appear by the party alleging it, and we are permitted to indulge all reasonable presumptions in the absence of a contrary showing to uphold the regularity of the ruling of the court below.

The name of the subscribing witness having been written by the justice near the mark, all that was left for the latter to do under section 7 of the Penal Code was to write his own name as a witness. This he did when he appended his autograph to the jurat. The language of the jurat, "Subscribed," etc., "before me," is evidence of that fact. It is not necessary that he should write the word "witnessed,"—any equivalent expression would serve as well. Nor was it necessary that he should write his name twice. One signature could and did witness both the previous signature and the jurat. No reason is suggested, and we cannot see any reason why the officer taking the affidavit should not be permitted also to witness the mark or other signature of the affiant. Indeed, it would seem that the primary object and purpose of the signature of the officer to the jurat is to witness the signature of the affiant to the affidavit. It is not any the less a witnessing because the affiant has merely made his mark. There can be no sense or reason in his witnessing it more than once. We think this view is upheld in *In re Guilfoyle,* 96 Cal. 598. In that case the decedent signed a will with his mark. Following this was the word "witnesses," followed by the signatures of three witnesses. These three signatures seem to have been treated without question as witnessing both the will and the mark of the testator and making of the latter a proper signature under the provisions of section 14 of the Civil Code, which is substantially the same as section 7 of the Penal Code in this respect.

The motion to set aside the information was properly denied. We advise that the judgment and order be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.