[Civ. No. 6716. Fourth Dist. Dec. 19, 1961.]

Estate of ERNEST ROSE WILLIAMS, Deceased. EDITH BARBARA SCHERTZINGER, Contestant and Appellant, v. RALPH E. WILLIAMS, Individually and as Coexecutor, etc., et al., Defendants and Respondents.

Stanford & McDonough and Joseph P. McDonough for Contestant and Appellant.

James Edgar Hervey, John W. Burnett and Thomas R. Mitchell for Defendants and Respondents.

SHEPARD, J.—This is an appeal by contestant after probate from a judgment denying the petition of contest.

### FACTS

The pertinent facts shown by the record before us are as follows: Decedent's holographic will was admitted to probate July 24, 1959. Contestant on August 14, 1959, filed her contest of the will on the ground that the will was not dated as required by law and on the second ground that the will was the product of undue influence. This second ground was withdrawn and abandoned at the opening of the trial by contestant and the cause was tried on the sole ground that the will was not dated as required by law. Contestant introduced no testimony that the questioned will was not entirely written, dated and signed in the handwriting of the testator.

The will is entirely contained on one side of one sheet of paper. In the extreme upper left hand corner of the sheet and entirely separate from the body of the will is a date defaced by several lines drawn through it. Immediately thereunder is the date, "Dec. 27—1954." Said figure "27" has two horizontal lines through it and immediately beneath the figure "27" is written the figure "30." In the center of the sheet at the top are the words,

"Last Will and Testament
of
Ernest Rose Williams
(also known as Ernest Ross Williams"

240

In the upper right hand corner of this sheet are the figures "1896" with a line underneath and the figure "-58-." Following the title of the will is the body of the will. Near the bottom center of the sheet after the body of the will and above the signature of the testator is written, "Dec. 27-1954."

DATE

The sole contention of contestant is that the will was invalid because it did not comply with the provisions of section 53 of the Probate Code. That section is concise and reads as follows:

"A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will."

First, it should be noted that the admission of the will to probate was on July 24, 1959. When a will has been admitted to probate and is thereafter subjected to contest, it stands before the court as prima facie valid and the burden of proof as to its alleged invalidity is on the contestant. As was said in the *Estate of Baird*, 176 Cal. 381, 383 [168 P. 561]:

"Its admission to probate necessarily established *prima facie* for all the purposes of the contest, that it was duly executed in the manner required by law by a testator who was competent, free from undue influence, etc. The burden of proof was on the contestants to establish its invalidity." See also *Estate of Russell*, 80 Cal.App.2d 711, 714 [1] [182 P.2d 318]; *Estate of Lauth*, 180 Cal.App.2d 313, 317 [1] [4 Cal. Rptr. 764].

 It is firmly established by a consistent line of cases in California as well as in most other jurisdictions, that extraneous material outside of and not a part of the body of the will nor its date or signature which does not appear to have been intended by the testator to be a part of his will, does not invalidate the holographic will. It is treated as surplusage, to be disregarded and ignored. (*Estate of Oldham*, 203 Cal. 618 [265 P. 183]; *Estate of Durlewanger*, 41 Cal.App.2d 750, 756 [3-4] [107 P.2d 477]; *Estate of Smith*, 31 Cal.2d 563, 567 [1a] [191 P.2d 413].)

 A close examination of the evidence does not reveal any testimony that the dates in the upper left hand corner of

the sheet were ever intended by the testator to be a part of or to contribute in any way to the testamentary instrument. In fact, the only person who testified on the handwriting would only venture a "probable" but uncertain opinion as to whether the figure "30" was in fact written by the testator. Asked whether the figure "30" in the upper date was written by the author of the body of the will, the witness said, "I would hedge. I would have to say it could be or it could not be. I would not say positively." None of the testimony given at the original hearing at which the will was admitted to probate is before us, nor was it discussed at the trial under review.

We are faced then, with a document which, if the figures in the upper left hand corner of the sheet are disregarded, stands complete, self-sufficient and valid. No evidence or even argument suggests that the body of the will and the date and signature at the bottom are not wholly in the handwriting of the testator. That fact was accepted as a verity during the entire trial and is not even discussed on appeal.

██ It has long been the consistent policy of our courts to give that construction to a will which will make it valid and will accomplish the apparent testamentary intent if such construction can be had within the framework of the statutory requirements. (*Estate of Fay*, 145 Cal. 82, 85 [78 P. 340, 104 Am.St.Rep. 17] ; *Estate of Janes*, 18 Cal.2d 512 [116 P.2d 438] ; *Estate of Wilkinson*, 113 Cal.App. 645, 646 [2] [298 P. 1037] ; *Estate of Moody*, 118 Cal.App.2d 300, 305 [2] [257 P.2d 709].)

██ Erasures, new portions or deletions done entirely by the hand of the testator with testamentary intent do not affect the validity of a holographic will. (*Estate of Finkler*, 3 Cal. 2d 584, 602 [14] [46 P.2d 149] ; *Estate of Dumas*, 34 Cal.2d 406 [210 P.2d 697] ; *Estate of Clark*, 55 Cal.App.2d 85, 87 [2] [129 P.2d 969].)

██ Here the record before us shows that the sole testimony before the court as to who wrote the figure "30" underneath the figure "27" at the top left hand corner of the sheet of paper was uncertain; that the figure "30" was not necessarily a part of the will; that what followed on the sheet was accepted by all parties as being entirely written, dated and signed in the handwriting of the testator; that the will had already been admitted to probate; it was standing before the trial court as prima facie valid. Under these circumstances the trial court was fully justified in ignoring the

writing at the upper left hand corner of the sheet and in concluding that contestant had not met the required burden of proof to show invalidity of the will.

None of the authorities cited by contestant enunciate any rules contrary to the facts herein expressed and a review thereof is unnecessary.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.