211 Cal.App.2d 1 (1962)
Estate of HARVEY MATTHEW GOOCH, Deceased. CLARA G. MURPHEY et al., Contestants and Appellants,
v.
LEO VELLUTINI, Proponent and Respondent.
Civ. No. 10504. 
California Court of Appeals. Third Dist. 
Dec. 17, 1962.
 Tobey, McClure & Lemmon for Contestants and Appellants.
 Chisholm & Phillips for Proponent and Respondent.
 VAN DYKE, J. [fn. *]
 This is an appeal from an order admitting a will to probate over the objection of contestants that the will had not been duly executed. The testator died in Reno, Nevada, being at the time a resident of the County of Amador, California. He was a patient in the Veterans' Administration Hospital in Reno. The will was prepared by an attorney upon information given him by a sister of the testator. The proposed testament was typewritten by the attorney and then presented to the testator for approval and execution. The document as presented to the testator bore a typed signature line, above which was the word "his," and below which was the typed name, "Harvey M. Gooch," and below that the typed work "mark." The attorney who had prepared the document had been informed that the proposed testator was unable to write because of his illness. The document having been explained and read to the testator, he then made his mark in the space prepared therefor and three persons present, including the attorney who had prepared the document, signed as witnesses to the mark. They also executed the attestation clause which was in the usual form. [1] It is the contention of appellants on this appeal that *3 the will was not properly executed in accordance with the statutory requirements.
 The formal requirements for the proper execution of a will are prescribed by section 50 of the Probate Code and are as follows: "The will must be subscribed at the end thereof by the testator himself." This was done. (By Code Civ. Proc., 17, and by Civ. Code, 14, "subscription includes mark.") Section 17 of the Code of Civil Procedure and section 14 of the Civil Code provide further that when a subscription is by mark, because of inability of the subscriber to write, the subscriber's name must be written near it by a person who writes his own name as a witness. This also was done. As stated before, the attorney who prepared the will and witnessed the mark wrote the name of the testator near the space prepared for the testator's subscription by mark in which space the mark was made. (The name was typewritten but that was sufficient, for, by Code Civ. Proc., 17, "writing includes printing and typewriting.")
 Appellants argue that the execution of the will was fatally defective because the attorney who typed the name of the testator near the place prepared for his mark did this before presentation of the document to the testator for execution. [2] But the statute contains no specific requirement as to when the person witnessing the mark shall write the subscriber's name, that is, whether it shall be done before or after the mark is made. [3] Although the statutes governing the execution of wills must be strictly followed, we cannot require something which the Legislature saw fit to disregard, nor do we see any reason why the witness to the mark who writes the subscriber's name and signs as a witness to the mark should not prepare the document for execution by the subscriber in the way that was done here. [4] It has been said that the only purpose of requiring the name to be written "near the mark" is to show what name the mark is intended to represent. (In re Guilfoyle, 96 Cal. 598, 600 [31 P. 553].) This purpose can be achieved as well by what was done here as by the witness writing the name after the mark is made.
 Although the statutory provisions here discussed have been in the Civil Code since 1874, neither the briefs of counsel nor the research of this court have disclosed any decision squarely in point. But in view of the limited purpose of the statutory provisions, as declared in Guilfoyle, we think the Legislature was not concerned about the order, in point of time, in which the requirements were fulfilled. *4
 Appellants further argue that "[t]he deceased made his mark above the signature line and his name was not subscribed by the testator nor by someone at his request and under his direction." [5] This point refers to the requirement that the will must be subscribed at the end thereof by the testator "or [in the alternative] some person in his presence and by his direction must subscribe his name thereto." But the quoted part of the section has no application where, as here, the testator himself subscribes the will by mark.
 The order admitting the will to probate is affirmed.
 Schottky, Acting P. J., and Pierce, J., concurred.
NOTES
[fn. *] *. Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.