59 Cal.2d 680 (1963)
Estate of CHESTER E. BAKER, Deceased. LAURA CROSBY, Petitioner and Appellant,
v.
CROCKER-ANGLO NATIONAL BANK, as Executor, etc., Objector and Respondent.
S. F. No. 21134. 
Supreme Court of California. In Bank. 
May 29, 1963.
 Zeff, Halley & Price and Francis W. Halley for Petitioner and Appellant.
 Collier & Tosaw and Frank B. Collier for Objector and Respondent.
 SCHAUER, J.
 Decedent Chester E. Baker left a witnessed will dated December 2, 1960, and a witnessed codicil dated August 15, 1961, both of which were admitted to probate. An unwitnessed handwritten instrument dated January 2, 1962, was denied probate on the ground that because of certain matter imprinted on the sheet of paper whereon the handwriting appears the document did not conform to the requirements *682 for a holographic will. Laura Crosby, named as beneficiary in the January 2 instrument, appeals. For reasons which will appear, we have concluded that the order appealed from was erroneous, and should be reversed.
 Decedent wrote the January 2 instrument on a printed letterhead of the Hotel Covell, and crossed out part of the printed matter. It comprises one page, and appears as follows (we have italicized the printed matter and show capitals and lower case as printed; all else on the sheet was in decedent's handwriting):
 [TEXT STRICKEN]["AAA]"
 [TEXT STRICKEN][APPROVED]
 [TEXT STRICKEN][HOTEL COVELL]
 MODESTO, CALIFORNIA
 Jan. 2, 1962
 "To Whom this may Concern:"
 and to my executors, The Anglo-California National Bank, it is my wish & command to bequeath all my vested interests in Insurance Securities Trust Fund of San Francisco, Calif. to Laura Crosby, 1004 Rosemore Ave., Modesto, Calif., that is to her and her alone.
 "This is to be done regardless of whether it may conflict with any other statements or wishes I may of had or made in previous will & testament."
 "This to be regarded as a later codicil."
 "Signed:"
 CHESTER E. BAKER
 "The Hotel that Has Everything (Almost)"
 Thus decedent drew lines through the printed words "AAA APPROVED" and "HOTEL COVELL" which appeared at the top of the page above his signature, but not through the words "MODESTO, CALIFORNIA," and not through the advertising slogan at the bottom of the page.
 The question presented is whether the January 2 document meets the requirements of section 53 of the Probate Code, which provides: "A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will." (Italics added.)
 The trial court, apparently feeling bound so to do by decisions *683 cited to it, held that although the words of the printed advertising slogan at the bottom of the document were not to be deemed incorporated in the codicil since they appear below the signature and "obviously were no part of the Will" (see Estate of Goldsworthy (1942) 54 Cal.App.2d 666, 672-673 [4] [129 P.2d 949]), nevertheless the printed words "MODESTO, CALIFORNIA" which appear on approximately the same level as the date "were impliedly incorporated in the document in question" and rendered it ineffectual as a holographic will. The trial judge further declared in a memorandum decision that he "reaches this conclusion rather regretfully, because it unquestionably violates the clear intent of the testator; ... There is not the slightest question of the testamentary intent of the deceased in this case. He desired these securities to go to Laura Crosby."
 [1] The rule is that where, as here, there is no extrinsic evidence and no conflict in the evidence, "an appellate court is not bound by a construction of a document based solely upon the terms of the written instrument. ... [Citations.] Therefore, the validity of the holographic instrument must be determined entirely by reference to the applicable statutes and principles of law." (Estate of Wunderle (1947) 30 Cal.2d 274, 280 [6] [181 P.2d 874]; see also (Estate of Janes (1941) 18 Cal.2d 512, 515 [5] [116 P.2d 438].)
 [2] The policy of the law is toward "a construction favoring validity, in determining whether a will has been executed in conformity with statutory requirements." (Estate of Janes (1941), supra, at p. 515 [6] of 18 Cal.2d; see also Estate of Williams (1961) 198 Cal.App.2d 238, 241 [4] [17 Cal.Rptr. 716].) Further, "the tendency of both the courts and the Legislature has been toward greater liberality in accepting a writing as an holographic will [citation]. ..." (Estate of Wunderle (1947), supra, at p. 280 [7] of 30 Cal.2d.) [3] And as declared in Estate of Bower (1938) 11 Cal.2d 180, 187 [78 P.2d 1012], "the mere presence of printed matter on the paper is not fatal to the validity of an holographic will written thereon if such printed matter be not included or incorporated, directly or indirectly, in the will as written by the hand of the decedent."
 [4] Applying these rules to the document now in question, it appears that the printed words "MODESTO, CALIFORNIA" were not relevant to its substance or essential to its validity as a will or codicil; that decedent did not refer *684 to or adopt them as a part of the "provisions which are in the handwriting of the decedent" (Prob. Code, 53); and that such words may not be held to have been incorporated so as to render the document ineffectual as a will and thereby defeat the decedent's declared testamentary intent.
 Similar situations were presented in Estate of Oldham (1928) 203 Cal. 618 [265 P. 183], and Estate of De Caccia (1928) 205 Cal. 719 [273 P. 552, 61 A.L.R. 393]. In Oldham the printed words "Los Angeles, Calif." appeared upon the first page of a three-page document, "followed by the date, written [by hand] approximately on the same line" (p. 620 of 203 Cal.), and in De Caccia the printed words "Oakland, California" near the top of the one-page document were followed on the same line by the handwritten date (p. 721 of 205 Cal.). This court, holding in each instance that the printed matter did not render the relevant document invalid as a holographic will, affirmed the order admitting the document to probate in Oldham (p. 621 of 203 Cal.), and reversed the order denying probate in De Caccia (p. 726 of 205 Cal.). In the latter case it was declared that "The mere presence of printed matter upon stationery used by a person for the purpose of writing his holographic will which forms no part of the written instrument and to which no reference directly or indirectly is made in the written instrument, will not destroy the effect of such instrument as a holographic will." (Estate of De Caccia (1928), supra, 205 Cal. 719, 726.)
 As pointed out in Estate of Bower (1938), supra, 11 Cal. 2d 180, 187, the last sentence of section 53 of the Probate Code (formerly section 1277 of the Civil Code), added to the section in 1931, merely codified the rule of the De Caccia case, supra, to expressly provide that "No ... matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will." In Bower, as well as in Estate of Thorn (1920) 183 Cal. 512 [192 P. 19], and Estate of Bernard (1925) 197 Cal. 36 [239 P. 404], both of which cases are discussed and distinguished in Bower (pp. 183-814 [2] and p. 187 of 11 Cal.2d), the printed or stamped matter came after the beginning of the handwritten portions but above the signature, and was incorporated or included in the handwritten provisions. We are presented with no such situation in the case at bench.
 In the more recent case of Estate of Durlewanger (1940) 41 Cal.App.2d 750 [107 P.2d 477], there appeared in printing *685 near the top of the one-page document, "Stockton, Calif. ___ 19 ___." The testator in dating the will wrote in the first space, "May 3," and after the printed figures "19" he inserted the figures "38." In reversing an order denying probate as a holographic will the court declared (p. 756 [2]), "we do not believe ... that the figures '19' standing alone and neither expressly nor impliedly nor by reference referred to in the will can be construed as a part thereof."
 "[3] The fact that the date was placed near the printed words or figures might by a forced construction be held to be some indication of an intent to adopt such printed matter, but courts should presume that the intention of the testator was that of a reasonable and prudent man under the circumstances, and should not adopt a strained construction to defeat what there is every reason to believe was the desire of the testator. [Citation.]"
 "[4] Substantial compliance with the statute, and not absolute precision is all that is required. ..."
 [5] Similarly, in the case at bench the fact that decedent crossed out the printed language "AAA APPROVED" and "HOTEL COVELL" at the top of the page, while omitting to cross out "MODESTO, CALIFORNIA" before writing in the date, does not provide a reference in the will to the latter two words or warrant the conclusion that he intended to or did incorporate in the handwritten provisions, such two words which were immaterial to validity of the document as a holographic will. We hold this to be true even if it be inferred that, because decedent's earlier witnessed will and codicil contained the words "Modesto, California," decedent may have believed that designation of locality was necessary in a testamentary document. It would unreasonably advance form over substance to hold that such a mistaken belief, if it existed, would defeat the testator's clearly, and otherwise validly, expressed testamentary intent. Here, there is no actual reference to or express incorporation of the mooted two words, and they are no more relevant to the decedent's testamentary intent, or to the dispositive meaning or adequacy of the codicil, than are the words of the advertising slogan printed at the bottom of the paper. This conclusion is consistent with the long- established rule that the presence of the signatures of witnesses will not invalidate an otherwise effective holographic will, "even though the testator believed the attestation essential and intended the execution to be in the *686 attested form." (Estate of Zeile (1910) 5 Cof. 292, and cases there cited; see also Estate of Dama (1892) 5 Cof. 24, 37-38; In re Soher (1889) 78 Cal. 477, 478-479 [21 P. 8]; Estate of Spies (1948) 86 Cal.App.2d 87, 90 [5] [194 P.2d 83] and cases there cited.) Any statements or implications contrary to the views herein stated, which appear in Estate of Bower (1938), supra, 11 Cal.2d 180, 184, are overruled.
 The order appealed from is reversed.
 Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.