33 Cal.App.3d 109 (1973)
109 Cal. Rptr. 6
Estate of MAIZIE HELMAR, Deceased.
FAYE WRIGHT, as Executrix, etc., et al., Plaintiffs and Appellants,
v.
EDITH JAMES et al., Defendants and Respondents.
Docket No. 41521.
Court of Appeals of California, Second District, Division Three.
June 27, 1973.
*110 COUNSEL
Gibson, Dunn & Crutcher and John A. Ruskey for Plaintiffs and Appellants.
Grossman, Smaltz, Graven & Perry, Ralph B. Perry III, Hiller & Thomas and William E. Thomas for Defendants and Respondents.
OPINION
ALLPORT, J.
On September 21, 1971, Maizie Helmar died at Carbondale, Colorado, leaving an estate consisting of both real and personal *111 property. On December 3, 1971, Faye Wright filed a petition for probate of holographic will of the following document, which contained the following typewritten introductory clause:
 "LAST WILL AND TESTAMENT
 5401 West Olympic Blvd.,
 Los Angeles, Calif.
 September 6, 1971.
I, MAIZIE HELMAR, a resident of Los Angeles, County, California, of sound mind, over the age of eighteen years, abd bit [sic] acting under duress, menace, fraud, nor undue influence of any person, do make, publish and declare this instrument to be my LAST WILL AND TESTAMENT, as follows:"
The words "as follows," italicized above, and the balance of the purported will were entirely written and the document is dated in decedent's handwriting, except for the typewritten characters "e3" appearing at the top of the third and final page. A contest to the probate of said purported will was filed by five of deceased's first cousins alleging that the document in question was not a valid will. Following trial by the court the purported will was rejected and denied probate. In so ruling the court found as follows:
"6. The September 6, 1971 document was partially typewritten on pages 1 and 3 thereof and partially handwritten with said handwritten portions thereof being in the handwriting of the deceased.
"7. The typewritten portions of said September 6, 1971 document were intended by the deceased to be incorporated into said document as a material part thereof.
"8. The typewritten portions of said September 6, 1971 document prevent such document from being entirely written, dated and signed by the hand of the deceased herself as required by Probate Code § 53."
Faye Wright as executrix, and the Self-Realization Fellowship Church as a named beneficiary, appeal from the judgment. The sole issue on appeal is whether or not the document should have been admitted to probate as a valid holographic will complying with terms of section 53 of the Probate Code.[1]
*112 (1) Since the material findings of the trial court pertaining to the validity of the document as a will were not based upon conflicting evidence or a determination of the credibility of witnesses but rather upon inferences drawn from the document itself, we must on appeal make an independent review of the issue as a matter of law. (See Estate of Dodge, 6 Cal.3d 311, 318 [98 Cal. Rptr. 801, 491 P.2d 385]; Parsons v. Bristol Development Co., 62 Cal.2d 861, 865 [44 Cal. Rptr. 767, 402 P.2d 839]; Estate of Baker, 59 Cal.2d 680, 683 [31 Cal. Rptr. 33, 381 P.2d 913]; Estate of De Caccia, 205 Cal. 719 [273 P. 552, 61 A.L.R. 393]; Estate of Durlewanger, 41 Cal. App.2d 750 [107 P.2d 477].) (2a) Such a review leads us to the conclusion that the document in question was properly determined by the trial court to be invalid as a holographic will as not being "entirely written, dated and signed" by the hand of the deceased.
The argument is made that the typewritten portions found on pages 1 and 3 were "not incorporated in the provisions which are in the handwriting of the decedent" and should therefore not be considered as any part of the writing, thus qualifying the document as a holographic will in accordance with section 53. We do not agree.
(3) The current policy of the law with respect to the construction of wills is stated in Estate of Baker, supra, 59 Cal.2d 680 at page 683, as follows: "The policy of the law is toward `a construction favoring validity, in determining whether a will has been executed in conformity with statutory requirements.' (Estate of Janes (1941), supra, at p. 515 [6] of 18 Cal.2d [116 P.2d 438]; see also Estate of Williams (1961) 198 Cal. App.2d 238, 241 [4] [17 Cal. Rptr. 716].) Further, `the tendency of both the courts and the Legislature has been toward greater liberality in accepting a writing as an holographic will [citation]....' (Estate of Wunderle (1947), supra, at p. 280 [7] of 30 Cal.2d [181 P.2d 874].) And as declared in Estate of Bower (1938) 11 Cal.2d 180, 187 [78 P.2d 1012], `the mere presence of printed matter on the paper is not fatal to the validity of an holographic will written thereon if such printed matter be not included or incorporated, directly or indirectly, in the will as written by the hand of the decedent.'" Baker goes on to hold that the printed unobliterated words "Modesto, California," located above and a printed hotel advertising slogan located below a document otherwise handwritten on hotel stationery did not invalidate the writing as being a valid holographic will. While Baker and other cases cited by proponents indicate a trend toward judicial liberality *113 in the upholding of documents as valid holographic wills, we do not believe that we should further erode the legislative mandate of section 53 by declaring the document in question to be valid. The tendency toward liberality has not, to our knowledge, progressed beyond that expressed in Baker and appears to have been applied only in situations where the purported wills were written on paper, usually hotel stationery, upon which there was "printed" a letterhead or other advertising material which was not in fact incorporated into the document by the writer himself. We find the requirement of strict compliance with the requirements of section 53 reiterated subsequent to Baker in Estate of Hazelwood, 249 Cal. App.2d 263 [57 Cal. Rptr. 332], wherein it is said at pages 265, 267: "As to holographic instruments, `strict compliance with the requirements of section 53 of the Probate Code as to handwriting, date and signature is absolutely essential. [Citations.]' (Estate of Blain, 140 Cal. App.2d 917, 921 [295 P.2d 898].) ... The trial judge was limited to making a determination, on the face of the instrument itself, whether a holographic will had been executed in substantial compliance with the mandatory requirements of section 53, Probate Code; if he found that there was no such compliance, he was bound to find the writing invalid as a holographic will."
(2b) In considering the document in the instant case we are compelled to the conclusion that the typewritten portions thereof were incorporated by decedent into the handwritten portion and were intended by the testatrix to be a part of her will. The document bears the caption at the top of the first page, "Last Will and Testament." In the typewritten introductory clause which follows the decedent expressed a desire to make a testamentary disposition of her property. The introductory portion was tied into the balance of the document by the handwritten words "as follows." The three pages all contained material essential to the intended testamentary disposition and the typewritten portions were thus physically "incorporated in the provisions" by the decedent herself.
Proponents also argue that nothing in the typewritten portion is essential to its testamentary character and may be disregarded, thus rendering the balance valid as being entirely handwritten. This would be true if those portions were both not relevant to the decedent's testamentary intent and there was no actual reference to or express incorporation of the typewritten portions in the document. These two requirements are found in Baker, supra, at page 685, where the court said: "Here, there is no actual reference to or express incorporation of the mooted two words, and they are no more relevant to the decedent's testamentary intent, or to the dispositive meaning or adequacy of the codicil, than are the words of the advertising slogan printed at the bottom of the paper." While it may be that the typewritten *114 portions were not essential to establish testamentary intent in the case at bench and could be disregarded in effecting the testamentary disposition of the property in accordance with decedent's wishes, these portions were nevertheless incorporated by the decedent herself into the document destroying the document's validity as a holographic will. To hold otherwise would require us to further erode the requirements of section 53 under the guise of liberal judicial interpretation of an unambiguous expression of legislative intent. We do not consider such to be appropriate in the instant case.
The judgment is affirmed.
Schweitzer, J., concurred.
COBEY, Acting P.J.
I dissent. In my opinion the handwritten portion of the document before us should have been admitted to probate as a valid holographic will. The majority decision misconstrues the governing statute, Probate Code section 53.
The sole question on this appeal is whether the partly typed and partly handwritten document submitted to the probate court contains within it a valid holographic will  namely, one "entirely written, dated and signed" by the hand of the testatrix herself. Under Probate Code section 53 these are the only requirements of form and "[n]o address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will." (Italics added.) To "incorporate" means essentially to include within as a part thereof. (See The Random House Dict. of the English Language (1966), p. 721.)
As indicated in the majority opinion the document before us starts with a typewritten heading, exordium,[1] and contains the typewritten symbol "e 3" at the top of its third page. Otherwise the document is entirely in the handwriting of the testatrix. Aside from the "e 3" (which is unnecessary to establish the remainder of the third page as part of the holographic will),[2] all of the typewritten portion is introductory matter which is entirely unnecessary to the validity of a holographic will. Such matter is connected *115 to the handwritten dispositive portion of the document by the handwritten words "as follows," but there is nothing in the typewritten portion preceding "as follows" or the handwritten portion following "as follows" that incorporates directly or indirectly any of the introductory typewritten portion in the handwritten part of the document. In short, the typewritten part of the document is neither referred to in, nor adopted as a part of, the handwritten part.[3] Connection should not be confused with inclusion and incorporation in the document should not be confused with incorporation in the handwritten portion of the document. Under these circumstances Probate Code section 53 commands that the typewritten matter in the document shall not "be considered as any part of the will."
My colleagues apparently agree with me that Estate of Baker, supra, 59 Cal.2d 680, controls our decision in this case. They, therefore, quote much of its liberal approach to the construction of section 53, but they seek to confine Baker entirely to its own facts and ignore an essential part of its rationale. They ignore the following language in Baker appearing at page 685: "We hold this to be true even if it be inferred that, because decedent's earlier witnessed will and codicil contained the words `Modesto, California,' decedent may have believed that designation of locality was necessary in a testamentary document. It would unreasonably advance form over substance to hold that such a mistaken belief, if it existed, would defeat the testator's clearly, and otherwise validly, expressed testamentary intent."
Baker construes section 53 correctly. Unless the non-handwritten matter, whatever it may be, is incorporated in the handwritten provisions of the document, this matter is not to be considered as any part of an otherwise valid holographic will.
Appellants' petition for a hearing by the Supreme Court was denied August 22, 1973. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.
NOTES
[1] Section 53 of the Probate Code provides: "A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will."
[1] In this respect the document resembles (except for the handwritten fill-ins there) the will which our Supreme Court refused to admit to probate as a valid holographic will in Estate of Bower, 11 Cal.2d 180, 182 [78 P.2d 1012]. Bower, however, was overruled in Estate of Baker, 59 Cal.2d 680, 686 [31 Cal. Rptr. 33, 381 P.2d 913], to the extent its statements or implications were contrary to the views stated in Baker.
[2] I say this because the testatrix wrote in her own hand immediately under the "e 3" "Last Will and Testament of Maizie Helmar, Sept. 6, 1971."
[3] The connecting words between the two portions "as follows" refer to what follows (the handwritten portion, aside from "e 3") and not to what precedes these words, namely, the typewritten portion.