60 Cal.App.3d 975 (1976)
131 Cal. Rptr. 841
Estate of JACK CHRISTIAN, Deceased.
MARIE K. HECKEL, Petitioner and Appellant,
v.
LENORE B. GILFILLAN, Individually and as Special Administratrix, etc., Objector and Respondent.
Docket No. 2859.
Court of Appeals of California, Fifth District.
August 12, 1976.
*976 COUNSEL
LeRoy J. Reinhardt for Petitioner and Appellant.
Fullerton, Lang, Richert & Patch and Jeff Wall for Objector and Respondent.
OPINION
FRANSON, J. 

STATEMENT OF CASE AND FACTS
Appellant petitioned the superior court for probate of a purported holographic document signed by the decedent and dated May 21, 1972, which devised all of decedent's property to the appellant and C.O. Beck, *977 decedent's sister, and appointed appellant executrix. After a hearing the trial court found that the document was invalid as a will and denied its admission to probate.
The document is contained on a printed will form commonly available at stationery stores. The pertinent portion of the document states (the italicized portions denoting the decedent's handwriting):
"LAST WILL AND TESTAMENT
"I, Jack Christian, a resident of 4487 No. Maroa, Fresno, California, declare this to be my last Will and revoke all other Wills previously made by me:
"FIRST: I leave all my worldly goods and possessions including all monies in Banks and Financial institutions to Mrs. Marie K. Heckel and my sister Mrs. C.O. Beck. this [sic] includes property and all.

Jack Christian.
"I appoint Marie K. Heckel as Executrix of this Will.
"This Will was signed by me on the 21st day of May, 1972 at 4487 No. Maroa, Fresno, California.

Jack Christian"
Appellant has appealed from the judgment denying the document's admission to probate.

DISCUSSION
(1) Because no extrinsic contradictory evidence was presented to the court below, we must independently determine the validity of the document as a matter of law. (Estate of Baker (1963) 59 Cal.2d 680, 683 [31 Cal. Rptr. 33, 381 P.2d 913].)
Probate Code section 53 provides: "A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will."
*978 The third sentence of Probate Code section 53 (formerly Civ. Code, § 1277) was added in 1931 to conform to the decision in Estate of De Caccia (1928) 205 Cal. 719 [273 P. 552, 61 A.L.R. 393]).
In De Caccia, the decedent wrote his will on stationery which had printed at the top of the first page the words "Oakland, California." The balance of the will was written, dated and signed in decedent's handwriting. In holding that the printed words were not a part of the will, the court said, "The printed words are not preceded by any writing of the decedent in which a reference is made to said printed matter, .... indicating that it was the intention of the testator to make them a part of the instrument." (205 Cal. at p. 724.)
In Estate of Bower (1938) 11 Cal.2d 180 [78 P.2d 1012], the document used was a stationery's form will on which the decedent had filled in blank spaces and had written his testamentary bequest as follows: (The italicized portions are in the handwriting of the decedent.)

 "`Last Will and Testament
 "`In the Name of God, Amen, I, R.J. Bower ____ of ____
 Bakersfield ____ State of ____ California ____ of the
 age of ____ 61 ____ years, and being of sound and
 disposing mind and memory and not acting under
 duress, menace, fraud, or undue influence of any
 person whatever, do make, publish and declare this my
 last WILL AND TESTAMENT in the manner following, that
 is to say: First: I give and bequeath all my Property of Every
 Kind and Description Whatsoever Whether Real or
 Personal to Anna K. deBillier
 Secondly: R.J. Bower
 Mach fourth
 Ninteen hundred thirty two'" (Italics in original
 opinion.)

The trial court had admitted to probate the latter portion of the document on the ground that it was "entirely written, dated and signed" in the decedent's handwriting as required by section 53. The Supreme Court reversed, stating, "It is our duty, ..., in determining the validity of the instrument ... to consider all parts thereof that are in the handwriting of the decedent, whether or not indispensable thereto.... When all portions in the handwriting of the decedent are considered and the instrument is read as a whole, ... it is not entirely written by the *979 hand of the decedent and is therefore invalid as an holographic will." (11 Cal.2d at p. 183.) The court further stated, "Consideration of all portions of the document ... which are in the handwriting of the decedent, and particularly the written inserts in the blanks provided in the printed form, definitely indicate that the decedent intended to include and incorporate in his will the printed portions among which the inserts appear." (11 Cal.2d at p. 184.)
In Estate of Baker, supra, 59 Cal.2d 680, the document in question was a piece of hotel stationery on which was printed matter some of which the decedent had lined out and some of which had been retained. The document appears as follows: ("Modesto, California" and the advertising slogan at the bottom of the page, which are underlined below, were printed and not lined out.)

 "`AAA
 APPROVED
 HOTEL COVELL
 MODESTO, CALIFORNIA Jan. 2, 1962
 "`To Whom this may Concern:
 and to my executors, The Anglo-California National
 Bank, it is my wish & command to bequeath all my
 vested interests in Insurance Securities Trust Fund
 of San Francisco, Calif. to Laura Crosby, 1004
 Rosemore Ave., Modesto, Calif., that is to her and
 her alone.
 "`This is to be done regardless of whether it may
 conflict with any other statements or wishes I may of
 had or made in previous will & testament.
 "`This is to be regarded as a later codicil.
 "`Signed:
 CHESTER E. BAKER
 "`The Hotel that Has Everything (Almost)'" (59
 Cal.2d at p. 682.) [Italics in original opinion,
 underlining added.]

The trial court had held that although the words of the printed slogan at the bottom of the document were not to be deemed incorporated in the will since they appeared below the decedent's signature, the printed *980 words "Modesto, California," which appeared on the same level as the date near the top of the document were impliedly incorporated in the document, thereby rendering it invalid as a holographic will. In reversing, the Supreme Court noted the tendency of both the courts and the Legislature toward greater liberality in accepting a writing as a holographic will and reaffirmed the rule that the mere presence of printed matter on paper is not fatal if such matter is not included or incorporated directly or indirectly in the will as written by the hand of the decedent. (59 Cal.2d at p. 683.) It then declared that the printed words, "Modesto, California," had not been incorporated into the handwritten portion because the two words were "... not relevant to [the will's] substance or essential to its validity as a will ...; that decedent did not refer to or adopt [the words] as part of the `provisions which are in the handwriting of the decedent' (Prob. Code, § 53); ...." (59 Cal.2d at pp. 683-684.)[1]
Baker also held that the fact that the decedent had crossed out the printed language at the top of the page but had not crossed out "Modesto, California," before writing the date "[did] not provide a reference in the will to the latter two words or warrant the conclusion that he intended to or did incorporate in the handwritten provisions, such two words which were immaterial to [the] validity of the document as a holographic will." The court held this to be true even though it could be inferred by reason of an earlier will that the decedent mistakenly may have believed that designation of locality was necessary in a testamentary document. (59 Cal.2d at p. 685.)
Appellant would have us glean from Baker a rule that any printed matter on the document not relevant to the testamentary disposition of the decedent's property or to the validity of the document as a will is to be treated as surplusage even though the printed matter is impliedly incorporated into or referred to in the handwritten portion of the will.
*981 As we read Baker, however, the test is not whether the handwritten portion of the document independently evidences the decedent's intent as to the disposition of his property and to matters essential to the validity of the will but whether the handwritten portion evidences an intent to include any printed or typed matter which, when read with the handwritten words, is relevant to the decedent's will.
Baker appears to qualify the effect of the incorporation of printed or typed matter into the handwritten portion by suggesting that unless the printed or typed matter is relevant to the "substance" of the decedent's will, it can be disregarded as surplusage. (59 Cal.2d p. 683.) Because the place of execution of the will ("Modesto, California") was not relevant to the decedent's testamentary intent or to the validity of the will, the printed words were held not to be incorporated into the handwritten portions of the will. (59 Cal.2d pp. 683-684.)[2]
(2) Since the word "incorporate" means "formed or combined into one body or unit; intimately united, joined, or blended" (Webster's New World Dict. of the English Language (1966) p. 738), it is evident in the present case that when the decedent wrote in the words "Marie K. Heckel" and the letters "rix" in the blank spaces provided in the third paragraph of the will form he intended to incorporate the printed words "I appoint" and the letters "execut" preceding the handwritten parts. The sentence makes sense only when the handwriting in the blank spaces and the printed words preceding the handwriting are read together. Further evidence that the decedent intended to include the sentence appointing the executrix as part of his will is the fact that he again signed the document in his own handwriting below the sentence appointing the executrix.
Having concluded that the decedent intended to incorporate the printed matter pertaining to the appointment of the executrix into the handwritten portion of his will, we next must determine if the incorporated *982 matter is relevant to the "substance" of the will. (Baker, supra, 59 Cal.2d at p. 683.) We interpret the term "substance" as used by the Baker court in a broad sense to include all of the provisions material to the decedent's testamentary intent with respect to the probate of his will, i.e., the administration and distribution of his estate. In other words, Baker does not mean that a court can exclude as surplusage any provision not pertinent to the decedent's disposition of his property or essential to the validity of the document as a will. Such a rule would emasculate the statutory requirement that the will be entirely written in the testator's handwriting. Baker holds only that a court may exclude as surplusage those parts of the will which reasonably can be said to be irrelevant to the decedent's testamentary intent as expressed in the will.
Since the nomination of a personal representative to carry out the terms of a will is exceedingly important to a testator, and because the nomination is effective at death and is pertinent to the administration of the testator's estate, it must be deemed a part of the will under the relevancy standard of Baker, supra. Thus, the nomination of the executrix in the present case cannot be disregarded as surplusage.
Estate of Helmar (1973) 33 Cal. App.3d 109 [109 Cal. Rptr. 6] should be discussed. There, an order denying probate of a purported holographic document was affirmed. The document contained the following typewritten introductory clause:
"`LAST WILL AND TESTAMENT
 5401 West Olympic Blvd.,
 Los Angeles, Calif.
 September 6, 1971
"`I, MAIZIE HELMAR, a resident of Los Angeles, County, California, of sound mind, over the age of eighteen years, abd bit [sic] acting under duress, menace, fraud, nor undue influence of any person, do make, publish and declare this instrument to be my LAST WILL AND TESTAMENT, as follows:'" (33 Cal. App.3d at p. 111.) (Italics in original opinion.)
The phrase "as follows" was handwritten, and the balance of the purported will was entirely written and dated in decedent's handwriting. The reviewing court found that the decedent had intentionally incorporated the typewritten portion into the handwritten portion; it refused to *983 accept the argument that the typewritten portion might be disregarded because there was nothing in the typewritten portion relevant to the decedent's testamentary intent or to the validity of the document as a will. The court stated: "While it may be that the typewritten portions were not essential to establish testamentary intent ... and could be disregarded in effecting the testamentary disposition of the property in accordance with decedent's wishes, these portions were nevertheless incorporated by the decedent herself into the document destroying the document's validity as a holographic will. To hold otherwise would require us to further erode the requirements of section 53 under the guise of liberal judicial interpretation of an unambiguous expression of legislative intent. We do not consider such to be appropriate in the instant case." (33 Cal. App.3d at pp. 113-114.)
The court also stated: "The tendency toward liberality has not, to our knowledge, progressed beyond that expressed in Baker and appears to have been applied only in situations where the purported wills were written on paper, usually hotel stationery, upon which there was `printed' a letterhead or other advertising material which was not in fact incorporated into the document by the writer himself." (33 Cal. App.3d at p. 113.)
Helmar apparently interprets Baker as standing for the proposition that printed or typed matter on the face of the document cannot be excluded if it is referred to or incorporated into the handwritten portion irrespective of its relevancy to the testator's intent. (33 Cal. App.3d at p. 113.) In our view this comes perilously close to reaffirming the statements and implications in Bower, supra, which were expressly disapproved in Baker, supra. (See fn. 1, ante.) In any event, Helmar reflects the reluctance of the courts to depart from the requirements of Probate Code section 53.
The judgment is affirmed.
Brown (G.A.), P.J., and Thompson, J.,[*] concurred.
Appellant's petition for a hearing by the Supreme Court was denied October 6, 1976.
NOTES
[1] Baker expressly overruled any contrary statements or implications in the Estate of Bower, supra, (59 Cal.2d at p. 686). What the Baker court apparently had reference to in Bower was the statement that in determining the validity of the document the court must consider all parts thereof "whether or not indispensable thereto" (11 Cal.2d at p. 183) and the following language: "True, such introductory written and printed matters are not essential to a testamentary document. But, the fact remains that decedent herein concluded that they were indispensable to and should be a part of his will and he manifestly made them a part of his will.... As stated above, we are to read the decedent's will as he wrote it and not as we would write it in order to cause it to comply with established legal principles." (11 Cal.2d at p. 184.) (Italics in original.)
[2] The relevancy limitation of Baker appears to accord with Uniform Probate Code section 2-503 which provides: "A will which does not comply with Section 2-502 [witnessed wills] is valid as a holographic will, whether or not witnessed, if the signature and the material provisions are in the handwriting of the testator." (Italics added.) The code commissioner's comment to section 2-503 states "... By requiring only the `material provisions' to be in the testator's handwriting ... a holograph may be valid even though immaterial parts such as date or introductory wording be printed or stamped. A valid holograph might even be executed on some printed will forms if the printed portion could be eliminated and the handwritten portion could evidence a testator's will...." (See 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, § 125, pp. 5640-5641.)
[*] Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.