[No. F012841. Fifth Dist. Oct. 2, 1990.]

Estate of JAMES I. McCABE, Deceased.
CHARLOTTE M. GREGORY et al., Petitioners and Appellants, v.
LORETTA JUNE McCABE, Contestant and Respondent.

COUNSEL

Goldberg, Fisher & Quirk and David F. Goldberg for Petitioners and Appellants.

J. David Pittman for Contestant and Respondent.

OPINION

STONE (W. A.), Acting P. J.—

### THE CASE AND THE FACTS

When decedent, James I. McCabe, executed a will on November 19, 1988, 15 days before he died, he was too weak to sign his name and therefore made his mark above his typewritten name. An independent witness acknowledged decedent's mark, signed her name and wrote the date, her address, and the word "witness" near the mark. Two other persons then signed as subscribing witnesses. We attach as an appendix a copy of that

portion of the will containing the textator's mark and the signatures of the subscribing witnesses and the independent witness.

Respondent, decedent's widow, contested the admission of this will to probate. The trial court granted respondent's motion for summary judgment and denied probate of the will. The court found the will was improperly executed because the witness to the mark did not write decedent's name near his mark as required by Civil Code section 14 and Code of Civil Procedure section 17.

DISCUSSION

Probate Code section 6110, applicable to estates of decedents who died on or after January 1, 1985, provides that a will must be signed either by the testator or in the testator's name by some other person in the testator's presence and at the testator's direction. Section 6110 relaxed some of the "formalities" which had been previously required. Civil Code section 14 and Code of Civil Procedure section 17 both provide in pertinent part that " . . . signature or subscription includes mark, when the person cannot write, his name being written near it, by a person who writes his own name as a witness . . . ." (Civ. Code, § 14.) These provisions have been construed together with Probate Code section 50 to permit subscription of a will by mark when the testator cannot write. (*Estate of Mangeri* (1976) 55 Cal.App.3d 76, 81 [127 Cal.Rptr. 438].)

▮ Here, decedent made his mark on the signature line above his typewritten name. The witness to the mark signed her name as required but did not write decedent's name again near his mark. The issue we now decide is whether this omission invalidated the execution of the will.

Relying on *Estate of Gooch* (1962) 211 Cal.App.2d 1 [26 Cal.Rptr. 835], appellants contend the execution of the will substantially complied with Civil Code section 14 and Code of Civil Procedure section 17. In *Gooch*, the testator's typewritten name appeared near his mark. The attorney who prepared the will witnessed the mark but did not write the testator's name again near the mark. The court upheld the validity of the will because the statute contains no specific requirement about when the person witnessing the mark shall write the subscriber's name, i.e., whether it shall be done before or after the mark is made. (*Id.* at p. 3.) The court further noted the purpose of requiring the name to be written near the mark is to show what name the mark is intended to represent. The procedure followed in that case achieved this purpose. (*Ibid.*)

Respondent relies on *Estate of Mangeri, supra*, 55 Cal.App.3d 76. There, the attorney who prepared the will typed the testator's name under the

signature line. However, the attorney was not present when the testator executed the will. The testator signed with an "X" because his hands were "too shaky" to sign his name. Following the attestation clause, two other individuals signed as attesting witnesses. However, no one separately witnessed the mark and no one present when the testator made his mark wrote the testator's name near it. (*Id.* at pp. 79-80.) Under these circumstances, the court held the will was invalid. The court concluded the clear and explicit statutory requirements for subscription by mark set forth in Civil Code section 14 and Code of Civil Procedure section 17 were not complied with, substantially or otherwise. (*Id.* at p. 83.)

Both *Estate of Gooch* and *Estate of Mangeri* are factually distinguishable from the issue we consider. Unlike *Gooch*, the person who witnessed the mark here was not the person who earlier typed the testator's name. Unlike *Mangeri*, the mark was separately witnessed, although the person who witnessed the mark did not prepare the will or type the testator's name.

 There are two competing policies involved in determining whether a will has been validly executed. First, to protect testators generally from fraud, "[s]tatutory requirements must be strictly followed in the execution of a will, and the testator's intention is not to be considered in determining whether such requirements have been met." (*Estate of Howell* (1958) 50 Cal.2d 211, 215 [324 P.2d 578].) This "strict compliance" standard has been applied most commonly when the testator's signature was not at the end of the will as was required by former Probate Code section 50. (*Estate of Seaman* (1905) 146 Cal. 455 [80 P. 700]; *Estate of Howell, supra*, 50 Cal.2d at p. 215; *Estate of Moore* (1949) 92 Cal.App.2d 120 [206 p.2d 413].) In this context, the court in *Estate of Seaman, supra*, noted, "The formalities which the legislature has prescribed for the execution of wills are to provide against false and fraudulent wills, and to afford means of determining their authenticity." (146 Cal. at p. 462.) "The statute in question was enacted to protect the wills of the dead from alteration. If opportunity for such alteration is permitted the fraud may be so deftly accomplished as to prevent its discovery, and for this reason the construction to be given the statute should be such as will control the execution of all wills." (*Id.* at p. 463.) In *Estate of Edwardson* (1960) 186 Cal.App.2d 122 [8 Cal.Rptr. 889], the court required strict compliance with the applicable statutes when the original will executed by mark was lost, the testator's name was not written anywhere near the mark on the copy of the will, and the requirements for proof of a lost will were not met. Again, it was the court's concern with opportunities for fraud which led to this result. (*Id.* at pp. 128-129.)

On the other hand, "[t]he policy of the law is toward 'a construction favoring validity, in determining whether a will has been executed in con-

formity with statutory requirements.' " (*Estate of Baker* (1963) 59 Cal.2d 680, 683 [31 Cal.Rptr. 33, 381 P.2d 913].) In general, this liberal statutory construction and emphasis on substantial compliance has been applied to holographic wills. (*Estate of Mangeri, supra*, 55 Cal.App.3d at p. 82.) The substantial compliance doctrine has been applied to uphold a will signed by mark. In *In re Guilfoyle* (1892) 96 Cal. 598 [31 P. 553], the name of the testatrix appeared in the body of the one-page will but was not written next to her mark. In reversing the trial court's orders denying probate, the California Supreme Court concluded that the "only conceivable object of requiring the name to be written 'near' the mark is to show what name the mark is intended to represent." (*Id.* at p. 600.) The court found the mark was clearly intended to represent the name of the testatrix and thus satisfied Civil Code section 14. (*Ibid.*; see also *Estate of Simmons* (1944) 65 Cal.App.2d 533, 537 [151 P.2d 8].)

■ Decedent's mark is directly above his typewritten name on the line designated for signature. Thus, it is clear "what name the mark is intended to represent." We can perceive no sound purpose or policy to be served by invalidating the will because the witness to the mark did not write decedent's name again. Where, as here, the mark was witnessed separately by someone other than the attesting witnesses, the opportunity for fraud is minimal. Thus, strict compliance with the statutory requirements in order to remove that opportunity was unnecessary.

Consequently, the execution of the will substantially complied with Civil Code section 14 and Code of Civil Procedure section 17, and the court erred by denying probate of the will.

### DISPOSITION

We reverse the judgment and award costs on appeal to appellants.

Vartabedian, J., and Thaxter, J., concurred.

## APPENDIX

I subscribe my name to this Will this _19_ day of
_November_ , 1988.

240 oAKdAte dr.
BAkersfield CA Page Two of Three

X _____
witness JAMES I. MCCABE
Vickie Younglbod
11-19-88

 

The foregoing instrument, consisting of three (3) pages including the page signed by the Testator, was on the date hereof, by JAMES I. MCCABE, signed as declared to his Will, in the presence of us, who, at his request and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto. Each of us observed the signing of this Will by JAMES I. MCCABE and by each other subscribing witness and knows that each signature is the true signature of the person whose name is signed.

Each of us is more than twenty-one (21) years of age and a competent witness and resides at the address set forth after his or her name.

We are acquainted with JAMES I. MCCABE. At this time he is over the age of eighteen (18) years and, to the best of our knowledge he is of sound mind and is not acting under influence.

We declare under penalty of perjury that the foregoing is true and correct.

Executed this _19_ day of _November_ , 1988, at Bakersfield, Calfornia.

_Beverly Binns_ residing at _2729 Chestnut St._
~~Bakersfield California~~
Orange Ca 92665

_Margaret E. Murray_ residing at _465 King Ave._
~~Bakersfield California~~
Moro Bay, Ca. 93142