496 P.2d 598

**In the Matter of the ESTATE of Arthur W. SCHUH, Deceased.**

**Robert M. BESSEE and John Aboud, Appellants,**

v.

**John Wm. JOHNSON, Administrator with Will Annexed of the Estate of Arthur W. Schuh, Appellee.**

**No. 2 CA–CIV 1074.**

Court of Appeals of Arizona, Division 2.

May 9, 1972.
Rehearing Denied June 7, 1972.
Review Denied July 13, 1972.

Aboud & Aboud by John Aboud, Tucson, for appellants.

John Wm. Johnson, Tucson, for appellee.

HATHAWAY, Judge.

Appellants are proponents of an alleged holographic will of the decedent, dated January 6, 1964. Appellee is the proponent of a witnessed will executed in 1960 and admitted herein by the court to probate. Cora Schuh, the beneficiary of the 1960 will, was the first of the decedent's seven wives. She was married to him from 1918 to 1925, at which time they were divorced. In 1960, several marriages later and when the decedent was single, he executed the witnessed will naming Cora Schuh as beneficiary. In 1962, he married Gladys Schuh, mother of appellant Robert M. Bessee, and while married to her he executed the holograph in question in 1964. Since we must consider several aspects of the holograph, we set it forth to facilitate our consideration and discussion of the problems raised on appeal (handwriting of decedent italicized):

"14–      Bring's Funeral Home

My last will and testament:

Date *Jan 6 1964*

*I Arthur W. Schuh hereby bequeath all my property personal, furniture, real estate, rights or shares in stocks or bonds, cars and trailer to my beloved wife Gladys L. Schuh with rights of survivorship administrator to serve without bond. In case Gladys L. Schuh death occours [sic] after mine I wish the estate to be taken up with the same rights of law by Harold E. Bessee 709 South Anna Street Stuttgard, Arkansas Phone WA 3-8960 Code 501 I leave my Niece Lynda May Cooper 422 Colorado St. Anaheim California the sum of $10.00 (Ten dollars) I leave my Cousin Charles*

–15
*Baker 71 Philmore St Akron, 5 Ohio the sum of $10.00 (Ten dollars) I leave*

*my son Robert M. Bessee the sum of $10.00 (Ten dollars)*

(Signature)
*Arthur W. Schuh*
*3022 E. Waverly*
*Tucson, Ariz.*

*Social Security No*
*526–12–9107"*

Apparently, there is no dispute that the handwritten portion of the holograph is entirely in the handwriting of the decedent and is signed by him. The first item of disagreement arises from the printed material on the paper, which appellee contends invalidates the holograph, which must be "entirely written and signed by the hand of the testator . . . ." A.R.S. § 14–123 (1956). Appellants contend that the printed material is surplusage and may be excluded by the court. When the will is read in the manner suggested by appellants, disregarding the printed material, we find that it is entirely self-sufficient and able to stand entirely alone without reliance upon any of the printed portion. In considering a holographic will, where writing not in the handwriting of the testator appeared, our supreme court found that the addition to the will of an attempted attestation did not invalidate the holograph. The court stated:

"The important thing is that the testamentary part of the will be wholly written by the testator and of course signed by him." In re Estate of Morrison, 55 Ariz. 504, 510, 103 P.2d 669, 672 (1940). Also see In re Bennett's Estate, 324 P.2d 862 (Okl.1958); In re Durlewanger's Estate, 41 Cal.App.2d 750, 107 P.2d 477 (1940); 2 Page on Wills § 20.5 (3rd ed. rev. W. Bowe and D. Parker 1960); 94 C. J.S. Wills § 205b (1956). In keeping with the holding in In re Estate of Morrison, supra, we find that the printed matter may be excluded, and in no way affects the validity of the holograph. See In re Estate of Mulkins, 17 Ariz.App. 179, 496 P.2d 605.

Appellee contends that since the alternate beneficiaries named in the holograph are to take in the event the principal beneficiary dies "after" the testator, this con-

tingency never occurred and, therefore, nothing passes under the will. Appellants' position is that the word "after" was mistakenly used by the testator instead of "before", as evidenced by other prior holographs executed by the testator in identical form except that in the others "before" was used. We will, or course, attempt to carry out the testator's intent if it can be determined from the four corners of the will. As this court stated in In re Estate of Daley, 6 Ariz.App. 443, 447, 433 P.2d 296, 300 (1967):

> " 'It is an elementary rule in the construction of wills that the language used must be liberally construed with a view to carrying into effect what the will as a whole shows was the real intent of the testator.' "

 Reading the will as written we have no difficulty in carrying out what we believe to be the clearly expressed intent of the testator. If the principal beneficiary was not alive to take under the will the estate was to pass to the alternate beneficiaries.

Reversed and remanded for further proceedings consistent with this opinion.

KRUCKER, C. J., and HOWARD, J., concur.