365 So.2d 858 (1978)
Succession of Emmett Joseph BURKE and Succession of Honorah Burke Schreiner.
No. 9583.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 1978.
Anita Connick, New Orleans, Floyd J. Reed, J. D., Curator ad hoc, Metairie, for plaintiff-appellant.
Miriam Cooney Abbott, New Orleans, for defendant-appellee.
Before REDMANN, BOUTALL and GARRISON, JJ.
GARRISON, Judge.
This case originally involved the Successions of both Honorah Burke Schreiner and *859 Emmett Joseph Burke, an olographic will of each having been submitted for probate. However, it is only the probate of the purported will of Emmett Joseph Burke which is being challenged on this appeal. Both wills were admitted to probate by the judgment of the court below. This devolutive appeal was brought by Jane Vieages McGuire and Ruth B. Foley, absentees represented by the curator ad hoc, and Martin Joseph Burke.
Honorah Burke Schreiner, a widow died on June 2, 1972, leaving no ascendants or descendants. She left an olographic will in which she bequeathed her entire estate to her brother Joseph Burke. However, her succession was not opened until after the death of Emmett Joseph Burke in 1974. After his death, her will was found in Mr. Burke's bank box and was duly probated on December 20, 1977. Its validity has not been questioned at the trial level or on this appeal.
Emmett Joseph Burke died on August 14, 1974, and after a search, the disputed testament, dated January 15, 1961, was found. In it he attempted to bequeath his interest in the property at 6315 West End Boulevard to his sister Delia Burke Derbes, as well as the balance in his Whitney Bank account. His life insurance was to be divided equally between his sisters, Mrs. Derbes and Mrs. Schreiner.
Burke left a host of collateral relations, but no forced heirs. His sisters and brothers who survived him were Martin Joseph Burke, Delia Burke Derbes, and Mary Ann Burke Kuttruff. He was also survived by the following nieces and nephews: Joan Burke Kambur, Ruth Burke Foley, Loys Vieages, Gerald Vieages, Jane Vieages McGuire, Carolee Dussom Morton, Peggy Dussom Roberts, and Irvin Dussom, Jr.
The successions of both Honorah Burke Schreiner and Emmett Joseph Burke were opened in Civil District Court for the Parish of Orleans by Delia Burke Derbes.
The only issue presented on appeal is whether the document purporting to be the will of Emmett Joseph Burke which was offered for probate is a valid olographic will under the requirements of Civil Code Article 1588.[1] The trial court held the questioned document to be valid after a contradictory hearing pursuant to Article 2881 of the Code of Civil Procedure.
The questioned will was written by the decedent, Emmett Joseph Burke, on printed will paper designed for a statutory will. The following portions were printed on the face of the document:
"I, __________, being of sound and disposing mind and memory, and considering the uncertainty of this life, do make, publish and declare this to be my last WILL and TESTAMENT as follows, hereby revoking all other former Wills by me at any time made.
"First, after my lawful debts are paid, I give. . . ."
In his own handwriting,[2] Burke had written the date, "Jan. 15, 1961," and his own name in the blank following the printed "I." After the printed "I give," he wrote the following:
". . . to my sister Delia (Mrs. M. J. Derbes); my interest in property at 6315 West End BlvdAlso whatever Bank Balance I have in the Whitney National Bank, City Branch Bankand Insurance as covered by Policy of F. F. Hansell & Bro. Ltd. To be shared equally with my other sister Mrs. C. A. Schreiner"
The second page of this document had printed provisions for the naming of executors, which Burke began, but did not complete. Below this Burke signed the document and marked through the superscription.
*860 Article 1588 of the Civil Code prescribes that an olographic will must be entirely written, dated and signed by the testator in his own hand. However, the fact that there is other writing or printing, not in the hand of the testator, such as the printed portions here, will not necessarily invalidate the testament. Those words will simply be considered as not written. C.C. Art. 1589; Jones v. Kyle, 168 La. 728, 123 So. 306 (1929); Succession of Robertson, 49 La.Ann. 868, 21 So. 586 (La.1897). Specifically, "an instrument written on a stationer's printed form with the blanks filled in by the testator in his own handwriting is valid when the will contains, exclusive of the printed matter, all of the essential formalities of an olographic will." 2 Loyola L.Rev. 164, 168 (1944).
The trial court admitted Burke's will to probate. We agree. From the words written by decedent, his testamentary intent is unmistakeable. Although the printed form contains many words which must be disregarded, there remain sufficient words in the testator's own handwriting to provide the essential formalities of an olographic will.
It is true that in Succession of Shows, 246 La. 652, 166 So.2d 261 (La. 1964) the language was very similar, with the sole phrase "All to my sister" having been held to lack testamentary intent. However, a distinction is apparent. In that case, Show's words "All to my sister" could have been, e. g., a reply to a question such as: "To whom shall we send the bills?"
The text which Burke wrote, on the contrary, seems inexplicable other than as a testament:
"to my sister Delia . . . my interest in property at 6315 West End Blvd. . . Bank Balance . . . and insurance. To be shared equally with my other sister Mrs. C. A. Shreiner. That writing speaks of decedent's immovable property, money (in the bank) and insurance and says it is "to be shared" by two sisters. Thus that writing (like "Pay to" in Succession of Gafford, supra) does contain, in a context referable to the testator's intent, a verb.
For the reasons assigned we find that the trial judge did not err in finding the will valid and admitting it to probate. Therefore the judgment is affirmed.
AFFIRMED.
NOTES
[1] "The olographic testament is that which is written by the testator himself.

"In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State." C.C. Art. 1588.
[2] That the handwritten portions were written by the decedent, Emmett Joseph Burke, is not disputed. Nor is the signature on the second page disputed.