630 P.2d 1039

In the Matter of the ESTATE OF Arnold H. JOHNSON, Deceased.

Barton Lee McLAIN and Marie Ganssle, Petitioners-Appellants,

v.

John Mark JOHNSON, Personal Representative of the Estate of Arnold H. JOHNSON, Deceased, Respondent-Appellee.

1 CA–CIV 4656.

Court of Appeals of Arizona, Division 1, Department A.

March 19, 1981.

Rehearing Denied May 27, 1981.

Review Denied June 18, 1981.

---

**3.** Formerly § 636, R.S. '13 am.

Martinez, Curtis, Goodwin, Karasek & Haddy by David J. Karasek, Phoenix, for petitioners-appellants.

Kunz & Waugh, Ltd. by Donald R. Kunz, Phoenix, for respondent-appellee.

## OPINION

WREN, Chief Judge.

This appeal involves the question of whether the handwritten portions on a printed will form, submitted to the trial court as a holographic will, were sufficient to satisfy the requirements of A.R.S. § 14-2503 that the material provisions of such a will must be entirely in the handwriting of the testator.

Arnold H. Johnson, the decedent, died on January 28, 1978 at the age of 79. One of his sons, John Mark Johnson, was appointed personal representative of the estate. In addition to John, the decedent was survived by five other children. Approximately three weeks following appointment of the personal representative, appellants, Barton Lee McLain and Marie Ganssle, petitioned for formal probate of an instrument dated March 22, 1977. The personal representative objected to the petition and filed a motion for summary judgment on the grounds that the instrument was invalid as a will, in that it was not attested by any witnesses as required by A.R.S. § 14-2502,[1]

1. A.R.S. § 14-2502 provides as follows:

Except as provided for holographic wills, writings within § 14-2513 and wills within § 14-2506, every will shall be in writing signed by the testator or in the testator's name by

and did not qualify as a holographic will under A.R.S. § 14-2503, since the material provisions thereof were not in the handwriting of the testator.

Appellants filed a cross-motion for summary judgment, urging that the document did constitute a holographic will. The trial court disagreed with appellants and granted the motion of the personal representative. We affirm.

The document claimed by appellants to be decedent's last will and testament was a printed will form available in various office supply and stationery stores. It bore certain printed provisions followed by blanks where the testator could insert any provisions he might desire. The entire contents of the instrument in question are set forth below, with the portions underscored which are in the decedent's handwriting.

### THE LAST WILL AND TESTAMENT

I <u>Arnold H. Johnson</u> a resident of <u>Mesa Arizona</u> of <u>Maricopa County</u>, State of Arizona, being of sound and disposing mind and memory, do make, publish and declare this my last WILL AND TESTAMENT, hereby revoking and making null and void any and all other last Wills and Testaments heretofore by me made.

FIRST—My will is that all my just debts and funeral expenses and any Estate or Inheritance taxes shall be paid out of my Estate, as soon after my decease as shall be found convenient.

SECOND—I give devise and bequeath to <u>My six living children as follows</u>

| <u>To John M. Johnson ⅛ of my Estate</u> | |
|---|---|
| <u>Helen Marchese</u> | ⅛ |
| <u>Sharon Clements</u> | ⅛ |
| <u>Mirriam Jennings</u> | ⅛ |
| <u>Mary D. Korman</u> | ⅛ |
| <u>A. David Johnson</u> | ⅛ |
| | |
| <u>To W. V. Grant, Souls Harbor Church</u> | |
| <u>3200 W. Davis Dallas Texas</u> | ⅛ |

<u>To Barton Lee McLain</u> )
<u>and Marie Gansels</u> )
<u>Address 901 E. Broadway ~~Phoenix~~</u>) ⅛
<u>~~Az~~ Mesa</u> )

I nominate and appoint <u>Mirriam Jennings my Daughter of Nashville Tenn.</u> as executress of this my Last Will and Testament <u>Address 1247 Saxon Drive Nashville Tenn.</u>

some other person in the testator's presence and by his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgement of the signature or of the will.

IN TESTIMONY WHEREOF, I have set my hand to this, My Last Will and Testament, at _____ this 22 day of March, in the year of our Lord, One Thousand Nine Hundred 77

The foregoing instrument was signed by said Arnold H. Johnson in our presence, and by _____ pub-lished and declared as and for _____ Last Will and Testament, and at _____ request, and in _____ presence, and in presence of each other, we hereunto subscribe our Names as Attesting Wit-nesses, at _____ This 22 day of March, 1977

My Commission expires     Ann C. McGonagill
Jan. 16, 1981

(Notary public seal)

Sections 14–101 to 14–134, Arizona Revised Statutes, 1956, and Amendments thereto

Initially it is to be noted that Arizona has adopted the Uniform Probate Code, the hol-ographic will provisions being contained in § 2–503, and found in A.R.S. § 14–2503:

> A will which does not comply with § 14–2502 is valid as a holographic will, whether or not witnessed, if the signa-ture and the material provisions are in the handwriting of the testator.

■ The statutory requirement that the material provisions be drawn in the testa-tor's own handwriting requires that the handwritten portion clearly express a *testa-mentary* intent. *Estate of Morrison*, 55 Ariz. 504, 103 P.2d 669 (1940). Appellants argue that the purported will here should thus be admitted to probate, since all the key dispositive provisions essential to its validity as a will are in the decedent's own handwriting; and further, when all the printed provisions are excised, the requisite intent to make a will is still evidenced. We do not agree. In our opinion, the only words which establish this requisite testa-mentary intent on the part of the decedent are found in the *printed* portion of the form.

---

**2.** *Estate of Tyrrell*, 17 Ariz. 418, 153 P. 767 (1915); *Estate of Biehn*, 41 Ariz. 403, 18 P.2d 1112 (1933); *In re Estate of Morrison*, 55 Ariz. 504, 103 P.2d 669 (1940).

**3.** The instrument read as follows with the handwriting of the decedent italicized.

*NO BONDS REQUIRED.*

LAST WILL AND TESTAMENT
*/s/ Frank N. Mulkins*

In the name of God, Amen. I, *Frank N. Mulkins,* of the City of *Wickenburg,* County of

---

The official comment to § 2–503 of the Uniform Probate Code (U.L.A.) sheds some light upon the situation where, as here, a printed will form is used:

> By requiring only the "material provi-sions" to be in the testator's handwriting (rather than requiring, as some existing statutes do, that the will be "entirely" in the testator's handwriting) a holograph may be valid even though immaterial parts such as date or introductory word-ing be printed or stamped. A valid holo-graph might even be executed on some printed will forms if the printed portion could be eliminated and the handwritten portion could evidence the testator's will. For persons unable to obtain legal assist-ance, the holographic will may be ade-quate.

Prior to the adoption of § 14–2503 in 1974, *In re Estate of Schuh*, 17 Ariz.App. 172, 496 P.2d 598 (1972), permitted probate, as a holographic will, the handwritten lan-guage on a stationer's will form, where the printed words on the form were found not to be essential to the meaning of the hand-written portion. The court held that the printed portions did not deprive the docu-ment of validity as a holograph.

This court, in *In re Estate of Mulkins*, 17 Ariz.App. 179, 180, 496 P.2d 605, 606 (1972) traced earlier Arizona decisions [2] and deter-mined that the "important thing is that the *testamentary* part of the will be wholly written by the testator and of course signed by him" (citing *Estate of Morrison, supra*) (emphasis in original). *Mulkins* also found that the printed words of the will, set forth below [3] were not essential to the meaning

---

*i LIVE IN YAVAPIA* (sic) State of *ARIZONA, (COUNTY)* being of sound and disposing mind and memory, and not acting under duress, menace, fraud, or the undue influence of any person whomsoever, do hereby make, publish and declare this to be my LAST WILL AND TESTAMENT and revoke all other wills previously made by me.

FIRST,

*I hereby make my will to Lettie Smith as Sister now living in Flint Michigan at 2222 on Oaklaho-*

of the handwritten words and could not be held to defeat the intention of the deceased otherwise clearly expressed.

█ It is thus clear that, under the terminology of the statute and the comment thereto, an instrument may not be probated as a holographic will where it contains words not in the handwriting of the testator if such words are essential to the testamentary disposition. However, the mere fact that the testator used a blank form, whether of a will or some other document, does not invalidate what would otherwise be a valid will if the printed words may be entirely rejected as surplusage.

In support of their position appellants rely on *Estate of Blake v. Benza*, 120 Ariz. 552, 587 P.2d 271 (App.1978). In *Blake* this court upheld the trial court's admission to probate, as a valid holograph the postscript to a personal letter:

P.S. You can have my entire estate. /x/ Harry J. Blake (SAVE THIS).

There having been no contention that the letter was not written and signed by the decedent, it was held that the postscript was more than a mere casual statement, and was deemed sufficient to demonstrate a testamentary intent. Analogizing to *Blake* which held that the use of the word "estate" by the decedent inferred that he was making a disposition of his property to take effect upon his death, appellants point to that portion of the document here which states:

TO (the name of the respective person) ⅛ of my estate.

as being sufficient to likewise establish the requisite intent. Again, we do not agree.

*Blake* did not rely solely upon the use of the word "estate" to determine that the testator had a testamentary intent. The opinion focused upon the emphasized words "SAVE THIS" to support the position that the letter was to have a future significance. The fact that the formal signature following the dispositive clause bore the testator's name in full as opposed to simply "Your Uncle Harry", as in previous letters, was also supportive of a testamentary intent. Finally, the dispositive clause itself in *Blake* contained the phrase "you can have," which clearly imported a future connotation.

Contrasting the *Blake* will to the handwritten segments of the purported will before us, we find a marked difference. Though the decedent here used the word "estate", this word alone is insufficient to indicate an *animus testandi*.

In *Webster's New Collegiate Dictionary*, G & C Merrian & Company, Springfield, 1975 at 391, one of the definitions of the word, "estate" is, "the assets and liabilities left by a person at death." However, the same word is also defined as:

the degree, quality, nature, and extent of one's interest in land or other property. POSSESSIONS, PROPERTY *esp* : a person's property in land and tenements.[4]

---

*ma* (sic) *Ave. and Betty Hart Elkins at Rt. 1. Box 267  36 St. Just North of Southern Ave Phoenix, Ariz. about a block.  I have 10 acres on Rincon Road.  The South 330 feet of the Northwest quarter of the Northeast quarter of Section Twenty six 26 of township eight 8 North range 5 West of the*

LASTLY, I hereby nominate and appoint

*Gila and Salt River base and Meridian Yavapai*

as Executer of this will *County of Arizona this 8 day of April 1966.*

IN WITNESS WHEREOF, I have hereunto set my hand this *8th day of* day of *April, 1966, at Wickenburg Ariz.*

F. N. MULKINS

Signed, sealed, published and declared to be the LAST WILL and TESTAMENT of. . .., the test . . . above named, in our presence, and at his request, and in his presence, and in the presence of each other, have hereunto subscribed our names

as witnesses this *8th* day of *April, 1966, at Wickenburg Ariz.*

.................
signature of witness

residing at . . . . . . . . . . .

.................
signature of witness

residing at . . . . . . . . . . .

.................
signature of witness

residing at . . . . . . . . . . .

17 Ariz.App. at 179–180, 496 P.2d at 605, 606. *See also Estate of Christenson*, 60 Cal. App.3d 975, 131 Cal.Rptr. 841 (1976).

4. The word is likewise defined in A.R.S. § 14–1201 as:

13. "Estate" means *all of the property of* the decedent, trust or other person whose affairs are subject to this title as originally constituted and as it exists from time to time during administration.  In the case of a hus-

Clearly then the word "estate" is not the *sine qua non* of an intent to draft a will. Likewise, the word "TO", by itself, has neither a present nor a future meaning. We are thus unable to determine from the handwritten portions of the will form whether it was meant by decedent to have a testamentary significance and thus hold that the trial court did not err in refusing to admit it to probate.

Admittedly, as pointed out in the special concurrence, our decision here might well do violence to the intent of the decedent, Arnold H. Johnson. However, as was stated by our Supreme Court in *Estate of Tyrrell*, 17 Ariz. 418, 153 P. 767 (1915):

> If the statute requires the testator to sign the instrument and he omits to sign it, although he intended to do so, such omission may not be cured by his intention. The omission is fatal to the validity of the will. The omission of any of the requirements of the statute will not be overlooked on the ground that it is beyond question that the paper was executed by the decedent as his will while he possessed abundant testamentary capacity, and was free from fraud, constraint or undue influence, and there is no question of his testamentary purpose, and no obstacle to carrying it into effect had his will been executed in the manner prescribed by the statute. (Citations omitted) 17 Ariz. at 422, 153 P. at 768.

Further, quoting from *In re Walker's Estate*, 110 Cal. 387, 42 P. 815, 52 Am.St.Rep. 104, 30 L.R.A. 460, 42 P. 815, *Tyrrell* went on to state:

> When a will is proved every exertion of the court is directed to giving effect to the wishes of the testator therein expressed, but in the *proving* of the instrument the sole consideration before the court is whether or not the legislative mandates have been complied with. *id.* (emphasis added).

> band or wife, the estate includes only the separate property and the share of the community property belonging to the decedent or person whose affairs are subject to this title. (footnote omitted)

We thus have stringent requirements for finding that a document, which might appear in a thousand different forms, is a valid and authentic holographic will.

This document having failed as a will, we dismiss appellants' argument that we may look to extrinsic evidence to determine the testator's intent. Appellants' motion to strike an instrument attached to the estate's reply memorandum and response to cross motion for summary judgment, purportedly written by the deceased, is therefore granted.[5]

Judgment affirmed.

FROEB, J., concurs.

CONTRERAS, Judge, specially concurring:

I find myself compelled to concur in this decision because established legal principles clearly indicate that the trial court did not err in refusing to admit the document to probate. Nonetheless, I feel similarly compelled to tender the observation that the intended simplification of our statutes regarding holographic wills has perhaps created more problems than it has solved.

The most basic purpose of the Uniform Probate Code is to "discover and make effective the intent of a decedent in distribution of his property." U.P.C. § 1–102(b)(2). With respect to the execution of wills, the purpose of the Code is to simplify the requirements of execution and validate the will whenever possible. The general comment to the Uniform Probate Code Part 5 relating to wills provides in part:

> If the will is to be restored to its role as the major instrument for disposition of wealth at death, its execution must be kept simple. The basic intent of these sections is to validate the will whenever possible.

5. Appellants had filed a motion to strike the document in question from the record on appeal. By order of this court dated July 17, 1979, we ordered that appellants' motion to strike be taken under advisement pending disposition of the merits of the appeal.

The result in this case is contrary to all of these expressed purposes. The document before us is clearly denominated as "THE LAST WILL AND TESTAMENT" and the first paragraph in which the decedent, in his own handwriting, placed his name and residence in the appropriate blanks, clearly and unequivocally establishes testamentary intent. However, when the printed portion of the first paragraph is excised, testamentary intent is not established and the document fails as a valid will. Based upon case law and the official comment relating to the holographic will section of the probate code, this is the legal result which must obtain. But it is an illogical result which defeats the intent of the decedent and fails to uphold the proferred will. In addition, it ignores the practical consideration of a lay person who desires to dispose of his small estate without the assistance of an attorney. Such a person would consider a form will to be a viable alternative to seeking the services of an attorney, but unless that document is witnessed, it will fail to dispose of the decedent's estate as he desired. *See* A.R.S. § 14–2502. And since the material provisions are not in the testator's handwriting, the document fails to meet the requirements as set forth in A.R.S. § 14–2503 in order to serve as a valid holographic will.

The result in this case defeats the purposes of effectuating the intent of the decedent and simplifying the execution of wills and, in my opinion, justifies a reappraisal of the statutorily expressed requirements of a holographic will in light of realistic and practical considerations.