BOBBY CUMMINGS, APPELLANT, V. BRUCE CURTISS, APPELLEE.

361 N.W.2d 508

Filed January 25, 1985.   No. 83-736.

Bobby Cummings, pro se.

Jewell, Otte, Gatz & Collins, for appellee.

BOSLAUGH, WHITE, and GRANT, JJ., and McCOWN, J., Retired, and COLWELL, D.J., Retired.

McCOWN, J., Retired.

This is an appeal from an order of the district court for Pierce County, Nebraska, granting summary judgment for the defendant. This action involved allegations that the defendant, a lawyer, had made fraudulent misrepresentations to the plaintiff client in connection with the settling of an estate. We affirm the judgment of the district court.

The testator, Ren J. Kroupa, died on March 24, 1979, leaving a will which he had made on a printed form. The plaintiff, who was not related to the decedent, and the decedent's brother, Frank E. Kroupa, engaged the defendant, an attorney, to probate the will which named them as sole beneficiaries of the estate.

After the will was filed for probate, other relatives of the decedent filed objections to the petition for probate. They

alleged that the will was not properly signed, executed, or attested; that the deceased lacked testamentary intent; and that the decedent was the victim of undue influence. The contestants subsequently offered a "stipulation" under which both plaintiff and Kroupa would disclaim their one-half share each under the will and accept a one-fifth share each in exchange for the withdrawal of objections to probate. The contestants were to receive the remaining three-fifths of the estate.

The defendant encouraged the plaintiff to accept the proffered settlement and expressed reservations about the validity of the decedent's will. The plaintiff alleged that defendant told him the will was not properly signed by two witnesses, thus making it invalid. Plaintiff further alleged that defendant also stated that the will would not hold up in any court in Nebraska and that if the plaintiff, a nonrelative, hoped to receive anything from the estate, he should sign the stipulation, since "A fifth of something is better than nothing, isn't it?"

The defendant alleged that he had informed the plaintiff on several occasions that the will was of questionable validity. He stated that the will may not be valid as either a formal or a holographic will, and warned plaintiff that there might be a will contest. After informing the plaintiff of this, defendant suggested that plaintiff consider a settlement with the contestants, the terms of which are contained in the stipulation, and the plaintiff accepted them in order to avoid the uncertain outcome of litigation.

The will was admitted to probate in May of 1979, subject to the terms of the stipulation, and the estate was divided in accordance with the settlement agreement.

In December of 1982 the plaintiff "discovered" Neb. Rev. Stat. § 30-2328 (Reissue 1979) concerning holographic wills, and subsequently filed this action for fraudulent misrepresentation. Both parties moved for summary judgment, and the district court granted defendant's motion and entered judgment accordingly. Plaintiff assigns as error the district court's failure to find that defendant's representations were false, that he used artifice to fraudulently conceal the truth, and contends that, under the circumstances, knowledge

of the misrepresentation must be imputed to the defendant.

> It is fundamental that the purpose of a summary judgment proceeding is to pierce allegations of pleadings and to show conclusively that the controlling facts are otherwise than alleged and that the moving party is entitled to judgment as a matter of law. . . . It is equally as fundamental that the granting of summary judgment is an extreme remedy and should be awarded only when the issue is clear beyond all doubt. Any reasonable doubt touching the existence of a material issue of fact must.be resolved against the moving party.

*Strong v. K & K Investments*, 216 Neb. 370, 373, 343 N.W.2d 912, 915 (1984).

> Fraudulent misrepresentation requires the plaintiff to prove: (1) That a representation was made; (2) That the representation was false; (3) That when the representation was made it was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) That it was made with the intention that the plaintiff should rely upon it; (5) That the plaintiff did rely upon it; and (6) That he suffered damage as a result. *Ames Bank v. Hahn*, 205 Neb. 353, 287 N.W.2d 687 (1980).

*Gitschel v. Sauer*, 212 Neb. 454, 461, 323 N.W.2d 93, 97 (1982).

> In the present case plaintiff alleged that the defendant stated: Our real problem is that Ren's will is not legal under Nebraska law because it did not have the two witnesses it must have to be legal and entitled to Probate in Nebraska and because of that Ren's will would not hold up in any court in Nebraska and that if I hoped to get any of Ren's estate I had better sign the Stipulation otherwise not being a blood relative I would not receive anything at all and a fifth of something is better than nothing, isn't it?

This statement was not false and known to be false. Neb. Rev. Stat. § 30-2327 (Reissue 1979) requires that all wills other than holographic wills be signed by at least two witnesses. In this instance, the decedent's will was signed only by the decedent and one witness, thus making it invalid unless proven to be a holographic will.

At the times involved here § 30-2328 (Reissue 1979) was in

effect. It provided: "A will which does not comply with section. 30-2327 is valid as a holographic will, whether or not witnessed, if the signature, the material provisions, and an indication of the date of signing are in the handwriting of the testator." The statute does not specifically address the problem of printed will forms, and there is no Nebraska case law interpreting the statute. However, the comment to the statute does address the issue. "A valid holograph might even be executed on some printed will forms if the printed portion could be eliminated and the handwritten portion could evidence the testator's will."

Available case law based on similar statutes in other states indicates that only the portion of the will actually in the handwriting of the testator is to be considered. All other language is simply to be disregarded. *Watkins v. Boykin*, 536 S.W.2d 400 (Tex. Civ. App. 1976); *Succession of Burke*, 365 So. 2d 858 (La. App. 1978); *Matter of Estate of Johnson*, 129 Ariz. 307, 630 P.2d 1039 (1981). The important determination is whether "the handwritten portion clearly express[es] a *testamentary* intent." *Matter of Estate of Johnson, supra* at 309, 630 P.2d at 1041. See, also, *Estate of Christian*, 60 Cal. App. 3d 975, 131 Cal. Rptr. 841 (1976).

The handwritten portion of the document reads:
"Nebraska
Pierce
Ren J Kroupa
For helping me and taking care of me
Frank Kroupa Jr. and Bobby Cummings
w.r.o.s.
the court
who the courts decides
Pierce      Pierce
Nebraska      29   Jan   79
Witness is chief of police Gordon Halbmayer [sic]
who i gave this to keep safe for me.
Ren J Kroupa."

Based on this language alone, it is doubtful that the requisite testamentary intent was demonstrated and that all material portions of a will were present.

Resolving all reasonable doubts in plaintiff's favor, the

record fails to establish any false representation. The defendant's statement, while not complete or thorough, did in fact reflect the general state of the law. The judgment of the district court was correct and is affirmed.

AFFIRMED.