KLEES, Judge.
Plaintiff filed a petition in the district court to have her mother’s will declared invalid, and defendant, the testamentary executor, responded by filing an exception of no cause of action. The trial court maintained the exception, dismissing plaintiff's suit, from which judgment she now appeals.[1]
By statutory will dated April 6,1977, the decedent divided her entire estate between her two children, Catherine Schiro Norman, appellant herein, and Dr. Ernest A. Schiro. The will stipulated, however, that Mrs. Norman’s share was to be placed in a trust which would terminate upon her death. Her brother Dr. Schiro was named as trustee of the trust and executor of the estate.
The will was probated on November 7, 1983. On November 26, 1985, Mrs. Norman filed her petition to annul the probated testament, alleging that it impinged upon her legitime. The executor filed an exception of no cause of action. Before the exception was heard, the plaintiff filed an amended petition containing an additional *1236 allegation that the will was not in proper and legal form. At the conclusion of the hearing on March 14, 1986, the trial judge sustained the exception of no cause of action and dismissed plaintiffs petition.
Article 2932 of the Code of Civil Procedure provides that the plaintiff in an action to annul a probated testament has the burden of proving its invalidity unless the action was instituted within three months of the date of probate. In the instant case, as the suit was brought more than two years after the will was probated, Mrs. Norman has the burden of proof. To state a cause of action, the plaintiff must allege in her petition facts which, if true, would entitle her to the legal redress she seeks. Louisiana State Board of Medical Examiners v. England, 215 So.2d 640 (La.1968).
Plaintiff herein has alleged that the will is defective in both form and substance. With regard to form, plaintiff relies on the fact that the day of the month in the date of the testament is handwritten rather than typed. The month and year in the date, as well as the remainder of the will, are typewritten. In our view, this fact, which can be readily verified by examining the testament, does not invalidate the will. R.S. 9:2442 provides merely that a statutory will “shall be prepared in writing.” Prior to 1980, however, the statute read “... a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner)_” Plaintiff contends that this version of the statute applies because it was in force at the time the will was written. Additionally, plaintiff argues that the wording of the statute prior to its amendment excludes a testament which is partially handwritten and partially typed, such as in the instant case. We disagree. In our view, the phrase “written in any other manner” is broad enough to include a typewritten will with a portion of the date in longhand. Accordingly, no matter which version of 9:2442 is applicable, the testament is valid as to form.
We now turn to plaintiff’s other objection to the will, that the trust imposed upon her portion of the estate constitutes an impingement upon her legitime. R.S. 9:1841 specifically authorizes the placing of the legitime in trust, provided certain conditions are met, none of which have been violated in this will. While she admits that the testament on its face complies with R.S. 9:1841, the plaintiff nonetheless argues that it impinges on her legitime under the principles enunciated by this court in Succession of Burgess, 359 So.2d 1006 (La.App.4th Cir.1978), writ denied 360 So.2d 1178 (La.1978). In that case, we stated:
From the wording of § 1841 it is clear that the legislature contemplated income from the trust in authorizing the placing of the legitime in trust. If there is sufficient income from the trust this will satisfy the legitime and the forced heir need not be given a principal interest.... From this analysis we have concluded that appellant’s legitime will not be satisfied if the income generated from the corpus is insufficient.
359 So.2d at 1019. In Burgess, the forced heir’s bequest consisted wholly of swamp lands left to him in trust. As the will contained a prohibition against the sale of the lands, the trust was completely non-income producing and had no potential of producing income in the future. Under these circumstances, we reversed the summary judgment in favor of the executor rendered by the district court and held that the forced heir must be given the opportunity to show at trial that the income from the trust was not sufficient to satisfy his legitime. Id. at 1020.
Plaintiff herein has alleged only that the trust imposed by her mother’s will impinges upon her legitime. This allegation is not a factual assertation, but a legal conclusion. It does not state a cause of action, as the district court correctly held.
Nevertheless, we find that the district court erred in dismissing the suit. A suit should not be dismissed on an exception of no cause of action whenever it is possible that a cause of action may be stated by amendment; in such a case, the court must allow plaintiff to amend his *1237 petition. Bourg v. J. Ray McDermott & Co., 70 So.2d 225 (La.App.1954); Gomez v. Pope Park, Inc., 56 So.2d 229 (La.App.1952). In this case, plaintiff should have been given leave to amend her petition to state a cause of action, if she can.
Accordingly, we affirm the district court’s judgment insofar as it maintains the exception of no cause of action, reverse the portion of the judgment dismissing the plaintiffs suit, and remand the case to the trial court for further action in accordance with this opinion.
AFFIRMED IN PART REVERSED IN PART AND REMANDED

. Although it is improper to admit evidence in support of an exception of no cause of action the parties concurred in this procedure. Nonetheless, we reach our conclusion independently of this testimony.