GAIDRY, J.,
dissenting.
1I must respectfully dissent from the majority opinion, as I believe the result is incorrect on a procedural basis. The proper solution, given the facts available to us, would be to vacate the trial court’s judgment on the grounds (1) that the record before us does not contain the supporting evidence and testimony sufficient for probate of an olographic testament and (2) that the trial court erred in originally ordering the testament admitted to probate as a statutory testament and in further ruling that it was both a valid statutory testament and a valid olographic testament.
The testament at issue was prepared prior to the effective date (July 1, 1999) of present La. C.C. arts. 1576 and 1577, but the requirements of the present notarial testament are the same as those of the statutory testament under former La. R.S. 9:2442(B)(2). The testament is obviously not in proper form for a statutory testament; the attestation clause is deficient because the notary did not attest to the testator’s signature on May 1, 1999, when the testament was executed. It appears the testament was presented to the notary on May 10, 1999, who simply added a handwritten subscription, “Sworn to and subscribed before me [etc.]” and her signa-toe on a separate page. Thus, the testament is absolutely null on its face under La. C.C. art. 1573, insofar as it purports to be a statutory testament.
2Inasmuch as a statutory testament need not be probated, the judgment of April 9, 2001, ordering the testament to be “proved,” is certainly not a final and definitive judgment. The appellees may still bring an action to annul the testament under La. C.C.P. art. 2931 and La. C.C. art. 3497, but as the testament is an absolute nullity, I question the enforceability of the April 9, 2001 judgment. The judgment of possession was properly annulled on February 14, 2002, on the appellant’s petition, which addressed the deficiency in form of the purported statutory testament. That judgment ordered the succession be “completed forthwith and in accordance with law.”
I agree that the testament may very well be a valid olographic testament, and if so, the testator’s intent should govern the disposition of his property. Under the authority bestowed upon us under La. C.C.P. art. 2164, we may effectuate the trial court’s judgment ordering the succession completed “in accordance with law” by vacating the judgment appealed and remanding this matter for further proceedings, reserving to the appellees the right to petition the trial court to probate the testament as an olographic testament pursuant to La. C.C.P. art. 2893. See Succession of Burke, 365 So.2d 858, 860 (La.App. 4th Cir.1978). Failing such action, the succession should be completed as an intestate succession.