Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/21/2017 08:11 AM CDT

In re Estate of Dorothy Pluhacek, also
known as Mary Pluhacek, also known as
Sr. M. Dorothy de N.D., deceased.
Margaret Hickey, appellant, v. Estate of
Dorothy Pluhacek, also known as
Mary Pluhacek, also known as
Sr. M. Dorothy de N.D.,
deceased, appellee.

___ N.W.2d ___

Filed April 27, 2017.    No. S-16-654.

1. **Decedents' Estates: Appeal and Error.** An appellate court reviews probate cases for error appearing on the record made in the county court.
2. **Decedents' Estates: Judgments: Appeal and Error.** When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.
3. **Decedents' Estates: Wills: Intent: Proof.** A document purporting to be a will, which is otherwise sufficient, will satisfy the "writing" requirement of Neb. Rev. Stat. § 30-2327 (Reissue 2016), whether it is completely handwritten; partly written in ink and partly in pencil; partly typewritten and partly printed; partly printed, partly typewritten, and partly written; or on a printed form, as well as other combinations of these forms and comparable permanent techniques of writing which substantively evidence testamentary intent.

Appeal from the County Court for Douglas County: Thomas K. Harmon, Judge. Reversed and remanded for further proceedings.

Shane J. Placek, of Sidner Law, for appellant.

No appearance for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Margaret Hickey, the current Provincial Superioress of the Omaha province of the Notre Dame Sisters, appeals the decision of the Douglas County Court which denied formal probate of a document that Hickey purported to be the valid will of Dorothy Pluhacek, also known as Mary Pluhacek, also known as Sr. M. Dorothy de N.D. The court concluded that the document was not a valid will under Neb. Rev. Stat. § 30-2327 (Reissue 2016) because portions of the document were handwritten and further concluded that the document was not admissible as a holographic will under Neb. Rev. Stat. § 30-2328 (Reissue 2016). Because we conclude that the document is a properly executed will under § 30-2327, we reverse the order of the county court and remand the cause for formal probate.

## STATEMENT OF FACTS

Pluhacek died on July 1, 2015, at 100 years of age. Thereafter, Hickey filed an application for informal probate of the will and informal appointment of a personal representative in the Douglas County Court. Hickey sought appointment as personal representative on the basis that she was the current Provincial Superioress of the Omaha province of the Notre Dame Sisters, and the document she submitted for probate named the holder of that title as executor.

The document Hickey purported to be Pluhacek's will accompanied the application. The document contained certain preprinted terms, typewritten material, and blanks that were completed in handwriting. The content of the document is set forth below. The portions that were handwritten in the document are indicated by italics below. The portion that is underlined below was not underlined in the document but was in a

different typeset than the preprinted portions of the document. The document stated as follows:

LAST WILL AND TESTAMENT
————————

IN THE NAME OF GOD. AMEN.

I, *Mary T. Pluhacek* otherwise known as *Sr. M. Dorothy de N.D.*, being of legal age, of sound mind and memory, do hereby make, publish, and declare this to be my last will and testament.

FIRST: I give, devise, and bequeath to *School Sisters de N.D., Inc. at Omaha, Nebraska* all property, real, personal, and mixed, which I now possess or which I may hereafter acquire.

This Will and Testament may not be changed without the permission of the Superior General.

SECOND: I hereby nominate and appoint *Provincial Superioress of the School Sisters de N.D., Inc.* as the executor of this will, without bond or inventory.

The document was signed and witnessed as follows:

IN WITNESS WHEREOF I have hereunto set my hand this *22nd* day of *July* 19*36*.

(Signature) *Mary T. Pluhacek*

Signed, published, and declared by the above named *Mary T. Pluhacek* otherwise known as *Sr. M. Dorothy de N.D.*, as *her* last will and testament, in the presence of us, who in *her* presence and at *her* request, and in the presence of each other, have hereunto subscribed our names as witnesses the day and year above written.

Immediately below this quoted text were two signatures denominated as witnesses. The signatures indicated that both witnesses were also Notre Dame Sisters.

The county court sua sponte entered an order denying informal probate of the document. The court noted, inter alia, that "[t]he signature of [Pluhacek] was affixed to the document which was subscribed by the testator and published as her Last Will and Testament in the presence of two (2) attesting

witnesses." The court then quoted § 30-2327, which is titled "Execution" and provides:

> Except as provided for holographic wills, writings within section 30-2338, and wills within section 30-2331, every will is required to be in writing signed by the testator or in the testator's name by some other individual in the testator's presence and by his direction, and is required to be signed by at least two individuals each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will.

The court also quoted § 30-2328, which is titled "Holographic will" and provides:

> An instrument which purports to be testamentary in nature but does not comply with section 30-2327 is valid as a holographic will, whether or not witnessed, if the signature, the material provisions, and an indication of the date of signing are in the handwriting of the testator and, in the absence of such indication of date, if such instrument is the only such instrument or contains no inconsistency with any like instrument or if such date is determinable from the contents of such instrument, from extrinsic circumstances, or from any other evidence.

The county court determined that "[t]he document that [Pluhacek] signed does not qualify as a Will because the material provisions are in the handwriting of the testator." Pursuing this reasoning, the court then stated that as a prerequisite to probate, it would be necessary to determine whether the document was admissible as a holographic will. The court further stated that such determination could not be made in an informal proceeding and instead that a formal proceeding would be required to determine whether Pluhacek had left a valid holographic will. Based on the foregoing, the court denied admission of the document for informal probate.

Hickey filed a notice of appeal of the county court's order denying informal probate. In case No. A-16-112, in a minute

entry dated March 1, 2016, the Nebraska Court of Appeals determined that the county court's order denying informal probate was not a final, appealable order and dismissed the appeal for lack of jurisdiction.

Hickey then filed an amended petition for formal probate, determination of heirs, and appointment of personal representative in the county court. Hickey again offered the document as Pluhacek's validly executed will and nominated herself to be personal representative pursuant to the terms of the purported will.

After a trial, the county court entered an order on June 7, 2016, in which it denied formal probate of the document. The court repeated its earlier reasoning to the effect that because the material provisions were handwritten, the document was not "in writing" for purposes of § 30-2327. Because the court viewed the document as inadmissible as a will under § 30-2327, the court needed to determine whether the document was admissible as a holographic will. The court noted there was "no witness opinion provided that verifies that the holographic instrument is in [Pluhacek's] handwriting, i.e., no evidence was adduced by any witness who was familiar with [Pluhacek's] handwriting." The court stated that its conclusion that because Hickey had not established that the document was in Pluhacek's handwriting, the document was not admissible as a holographic will.

In its order, the county court continued that, assuming arguendo that the handwriting could be established to be that of Pluhacek, the court would consider other issues regarding the validity of the document. In that respect, the court noted that the document "obviously was an undated pre-printed form . . . with handwritten insertions." The court therefore described the document as "not a true holographic will but is rather a 'hybrid' holographic will." The court cited precedent of this court to the effect that in order for a holographic will to be valid, the material provisions must be in the handwriting of the decedent and that such handwritten portions

must clearly express testamentary intent without reference to preprinted portions of a form. Although the county court was not explicit, its discussion of this issue and its ultimate conclusions indicate that the court believed the document to be a holographic will but that the handwritten portions of the document standing alone were not sufficient to express testamentary intent. We believe the county court was mistakenly echoing *In re Estate of Foxley*, 254 Neb. 204, 575 N.W.2d 150 (1998), which examined a handwritten codicil.

The county court also considered an argument that the document was a validly executed will under Neb. Rev. Stat. § 30-2331 (Reissue 2016), which provides:

> A written will is valid if executed in compliance with section 30-2327 or 30-2328 or if its execution complies with the law at the time of execution of the place where the will is executed or of the place where at the time of execution or at the time of death the testator is domiciled, has a place of abode or is a national.

The court noted that the face of the document indicated that it was signed in 1936. The court stated that its review of statutes and law indicated that holographic wills were not recognized in 1936 and that "[i]n fact, holographic wills were not recognized as a matter of law until Nebraska adopted the Uniform Probate Code . . . in 1974." The court concluded that because the document was a holographic will which form was not recognized in 1936, any argument based on § 30-2331 would be without merit.

Based on its analysis summarized above, the court denied formal probate of the document and found that Pluhacek had died intestate. Hickey appeals.

## ASSIGNMENTS OF ERROR

Hickey claims, restated, that the document was a properly executed will under § 30-2327 and that the county court erred when it examined and determined that the document was a holographic will which failed to meet the terms of the

holographic will statute, § 30-2328, and further erred when it denied formal probate.

## STANDARDS OF REVIEW

[1,2] An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Balvin*, 295 Neb. 346, 888 N.W.2d 499 (2016). When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below. *Id*.

## ANALYSIS

The county court concluded that Pluhacek's will, dated July 22, 1936, was not valid and denied Hickey's petition for formal probate. Hickey claims primarily that the county court erred when it did not conclude that the document was a properly executed will under § 30-2327 and therefore erroneously denied formal probate. We agree with Hickey's arguments and reverse the county court's order which denied formal probate.

We have quoted § 30-2327, entitled "Execution," above. When the requirements of § 30-2327 are met, the will is validly executed. The requirements of § 30-2327 are satisfied if a will is (1) in writing, (2) signed by the testator, and (3) signed by at least two individuals, each of whom witnessed either the signing or the testator's acknowledgment of the signing of the will. See *In re Estate of Flider*, 213 Neb. 153, 328 N.W.2d 197 (1982). See, also, *Cummings v. Curtiss*, 219 Neb. 106, 361 N.W.2d 508 (1985) (stating two witnesses are required under § 30-2327). Pluhacek's will, as tendered by Hickey, meets these requirements.

The holographic will statute, § 30-2328, is an exception to the generally controlling "execution" statute, § 30-2327. But where the will meets the requirements of § 30-2327, further examination of validity under other theories is not necessary. In this case, there is no meaningful dispute in the record

that Pluhacek's will was signed by her and witnessed by two other individuals. And contrary to the county court's view of § 30-2327, under our independent review of § 30-2327, we conclude as a matter of law that the will, albeit partly printed, partly typed, and partly handwritten, was "in writing" for purposes of § 30-2327. See *In re Estate of Balvin, supra* (reciting our standard of review).

Reading the county court's order as a whole, we believe the county court's fundamental misunderstanding was its belief that, due to substantial portions of the will being in handwriting, the document was not "in writing" for statutory purposes of § 30-2327. This misunderstanding led to the county court's unnecessary examination of the document as a possible holographic will.

For purposes of complying with a statutory requirement such as contained in § 30-2327 that a will be "in writing," it is generally agreed that a document partly typed or printed and completed in handwriting meets the writing requirement. See 95 C.J.S. *Wills* § 204 (2011). The cases have long been to this effect. E.g., *Stuck v. Howard*, 213 Ala. 184, 104 So. 500 (1925), *overruled in part, Reynolds v. Massey*, 219 Ala. 265, 122 So. 29 (1929). Interpreting a statutory provision similar to § 30-2327, another court stated that the statutory word "written," "is broad enough to include a typewritten will with a portion . . . in longhand." *Succession of Bellanca v. Schiro*, 517 So. 2d 1235 (La. App. 1987).

[3] We agree with the reasoning of the foregoing and other authorities and conclude that a document purporting to be a will, which is otherwise sufficient, will satisfy the "in writing" requirement of § 30-2327, whether it is completely handwritten; "partly written in ink and partly in pencil[;] partly typewritten and partly printed[;] partly printed, [partly typewritten,] and partly written[;] or on a printed form," see 95 C.J.S., *supra*, § 204 at 201, as well as other combinations of these forms and comparable permanent techniques of writing which substantively evidence testamentary intent.

In this case, the document tendered by Hickey was "in writ-ing," signed by Pluhacek and witnessed by two individuals; thus, the will was properly executed and satisfied § 30-2327. On this record, the will was validly executed under § 30-2327, and the county court erred when it denied formal probate based on its erroneous reasoning.

## CONCLUSION

For the reasons explained above, we conclude, as a mat-ter of law, that the will was a validly executed will under § 30-2327. The county court erred when it denied formal probate. Accordingly, we reverse, and remand with instruc-tions to the county court to admit the will to formal probate and formally grant other appropriate relief in accordance with the will.

Reversed and remanded for further proceedings.